# Newsom *v.* Thornton, Adm'r.

*Petition to quash Execution issued by Register, &c.*

1. *Costs, execution for, against obligors on injunction bond; when register may issue.*—Under our statutes, in all cases where an injunction has been obtained, and costs decreed against the complainant on its dissolution, the register may, without a reference or further order of the court, issue execution for costs, against any or all of the parties to the injunction bond.

APPEAL from Colbert Chancery Court.
Heard before Hon. H. C. SPEAKE.

[Newsom v. Thornton, Adm'r.]

The appellee, as administrator of Eliza Johnson, deceased, commenced proceedings in the Court of Probate of Franklin county, against W. R. Newsom, as executor of Whitmell Rutland, deceased, for the recovery of a legacy bequeathed his intestate. Thereupon Newsom filed a bill in equity, praying that the proceedings be enjoined, and obtained a temporary injunction, giving bond with the appellant and others as sureties, payable and with condition as prescribed by the statute.—Code of 1876, § 3871. The bill was dismissed, the injunction dissolved, and costs decreed against the complainant. The register issued an execution against all the obligors on the injunction bond for the costs incurred in the Court of Chancery, and the appellant filed a petition to the chancellor, praying that the execution be superseded and quashed, as having been issued without authority of law. On a hearing, the chancellor dismissed the petition, and the decree of dismissal is now assigned as error.

J. B. MOORE, for appellant.

L. B. THORNTON, contra.

BRICKELL, C. J.—It is said that "independent of statutory enactments, a court of equity has the power upon the dissolution of an injunction to ascertain, by reference to a master or otherwise, the amount of damages caused to defendant by the injunction, and to decree payment of this amount." High on Inj. § 962. However this may be, there was no reference to the register to ascertain damages, and no decree rendered for them. The authority of the register to issue the execution must therefore, if it exists, be derived from statute. The statutes require, whenever a temporary injunction is granted, that before the writ issues, the party obtaining the order must give bond with security for the protection of the parties enjoined, and which will indemnify them, in the event of a dissolution of the injunction. Where the injunction is to restrain the execution of a judgment at law, in a personal action, the penalty of the bond is double the amount of the judgment, and its condition is, in the event of dissolution, to pay the amount of the judgment, with interest, and also such costs and damages as may be decreed against the party obtaining the injunction.—Code of 1876, § 3869. If the purpose is to stay proceedings after judgment at law, in an action for the recovery of lands, the officer, granting the writ, prescribes the penalty of the bond,

[Newsom v. Thornton, Adm'r.]

and its condition is: "the payment of the damages in such judgment, . . . and also all damages and costs which the plaintiff, in such judgment sustains, by the suing out such injunction, if the same is dissolved."—Ib. § 3870. In all other cases, the officer granting the order for the injunction, prescribes the penalty of the bond, and its condition is: "to pay all damages which any person may sustain, by the suing out of such injunction, if the same is dissolved."—Ib. § 3871. The bond when given to enjoin proceedings at law on a judgment for money, upon dissolution has the force and effect of a judgment; and being certified by the register to the clerk of the court in which the judgment was rendered, he can issue execution thereon against any or all the obligors, for the amount of the judgment, the interest, and the damages if any are decreed, the chancellor having power to decree six per centum damages, if of the opinion the injunction was obtained for delay.—Ib. §§ 3875-6. The succeeding section of the Code, is that from which authority to issue the execution in the present case is claimed, and it reads: "The register may also issue execution for costs, if decreed against the party obtaining the injunction, against any or all the obligors in the bond." The argument for the appellant is, that this section refers only to the bonds mentioned in the preceding section, given to enjoin proceedings on a judgment at law for money. While for the appellee, it is insisted that it refers to all injunction bonds.

The statutes prior to the Code, gave to every injunction bond the force and effect of a judgment, and an execution could issue against the obligors "for the costs incurred in and about the chancery proceedings."—Clay's Dig. 357, § 79. The chapter of the Code devoted to injunctions is in some respects a revision of former statutes which are substantially embodied in it, and in others, the introduction of new and auxiliary proceedings which while they may tend to render the remedy by injunction more advantageous, are also framed to protect parties against its abuse. We find in them no indication of a purpose to lessen the liability of obligors in bonds given for injunctions, or to deprive parties of remedies on them which the former statutes afforded. If the word *also,* was omitted from the section of the Code under consideration, there would be no question of the authority of the register to issue execution for the costs decreed against the party obtaining the injunction, against any or all of the parties to any injunction bond. The previous section confers on the clerk of the Circuit Court authority to issue

[Weiner v. Sterling.]

execution for the amount of a moneyed judgment, interest and damages, against any of the obligors in the bond for injunction, and the purpose was to confer a like authority on the register as to costs of the Court of Chancery, in all cases. Changes of phraseology, in a revision of statutes, are not regarded as altering the law as it was settled by the plain language of former statutes, unless the intent to alter is clear. Sedgwick's Stat. and Con. Law, 229. If we deduce the intent to alter the law as it formerly existed from the phraseology of this section of the Code, the result is, that in no other case, than the injunction of a moneyed judgment, can the costs of the Chancery Court be recovered of the sureties on the bonds, without an action at law on the bond, or an ascertainment of them by a reference to the register, and a decree therefor by the chancellor, if he has the power. The policy of all our statutes is to render effectual by summary judgments, and immediate execution, all bonds taken in the course of judicial proceedings, and from this policy there would be a departure, if the construction of this section of the Code, for which the appellant insists, was adopted. We concur with the chancellor, that its fair construction, is, to authorize the register in all cases, when costs are decreed against the party obtaining an injunction, to issue an execution for their collection against any or all the parties to the bond, and such we believe is the construction it has received in practice. Let the decree be affirmed.