153 So. 779

## MORRIS v. BOWEN et al.
### 8 Div. 775.

Court of Appeals of Alabama.
Oct. 31, 1933.

Rehearing Denied Nov. 21, 1933.

W. H. Long, of Decatur, for appellant.

Julian Harris, of Decatur, for appellees.

BRICKEN, Presiding Judge.

M. E. Bowen obtained an injunction, by order of one of the circuit judges of Morgan county, against G. L. Morris, upon "entering into bond, with security to be approved by you (the Register), in the penal sum of one hundred dollars, conditioned and payable according to law."

In compliance with that order M. E. Bowen filed a bond in the sum named, with Ben McDermott and A. A. Brown as sureties, which was approved by the register. The condition of the bond was: "Now, therefore, if the said M. E. Bowen shall prosecute the said injunc-tion to effect and shall pay all damages that any person may sustain by the wrongful suing out of said injunction if same is dissolved, then this obligation shall be void; otherwise, to remain in full force and effect."

The injunction was dissolved; the costs were taxed against the complainant, and an execution was issued against the complainant and the sureties on the injunction bond for $160.85, the total amount of the costs, which was paid by Ben McDermott to the register.

Morris then sued M. E. Bowen and the sureties on the injunction bond, for the amount of the bond, claiming he was put to that much expense for attorney's fees for the defense of the case in the Morgan county circuit court in equity and the Supreme Court of Alabama.

The defendants claimed in plea 4 that, by reason of the payment of the aforesaid sum under execution, said bond was discharged.

The court below overruled a motion to strike plea 4, and overruled the plaintiff's demurrer thereto, and this action of the court constitutes the two assignments of error on the record.

The requirement of the statute is that the bond must be "payable to the party against whom the application is granted * * * and conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved." Section 8293, Code 1923.

The appellant's contention on this appeal is best stated in the language of his counsel, as follows: "There is no condition in the bond that if the principal and sureties pay the court costs and said costs exceed the amount of the bond, then the principal and sureties are released from liability to the opposite party in said suit." The opinion here prevails that appellant's position is unsound. The liability for damages and costs is contractual. It is limited by the contract. If the appellant apprehended that the amount of the bond was inadequate, doubtless the court would have entertained a motion to increase the bond had it been appropriately made. The provision in the bond obligating the principal and sureties in the bond to "pay all damages" included costs, and authorized the issuance of an execution for costs. Newson v. Thornton, Adm'r, 61 Ala. 95.

The payment of a sum in excess of the liability on the bond discharged the bond.

The ruling of the court below was correct, and its judgment is affirmed.

Affirmed.