105 So.2d 666

**Viola R. BROWN**

v.

**James E. FOLSOM et al., Members Board of Trustees.**

**3 Div. 846.**

Supreme Court of Alabama.

Oct. 9, 1958.

Capell, Howard & Cobbs, Montgomery, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellees.

GOODWYN, Justice.

Appellant filed in the circuit court of Montgomery County a petition for a writ of mandamus to be directed to the members of the board of trustees of the Alabama Industrial School for Negro Children, respondents-appellees, seeking her reinstatement as a full time teacher in said school. An alternative writ was issued. Respondents moved to quash the writ (see State ex rel. Pinney v. Williams, 69 Ala. 311, 317). Said motion was granted and judgment rendered dismissing the petition at the cost of petitioner. This appeal is from that judgment. Code 1940, Tit. 7, § 1074.

The decisive question to be resolved is whether the teacher tenure law (Code 1940, Tit. 52, § 351 et seq., as amended by Act No. 773, appvd. Sept. 16, 1953, Acts 1953,

p. 1040) is applicable to a teacher employed in the Alabama Industrial School for Negro Children. The trial court held that it is not, and we think correctly so.

The question is one of legislative intent in enacting the teacher tenure law, supra.

Section 351 of the teacher tenure law, as amended, supra, defines the term "teacher", as used in said law, to mean and include "all persons regularly certificated by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in the *public elementary and high schools of the state of Alabama.*" [Emphasis supplied.] It is insisted by appellant that the industrial school comes within the term "public elementary and high school" as used in the tenure law, and, therefore, her employment as a teacher in said school is subject to said law. If the definition of the term "teacher", as contained in § 351, as amended, supra, were the only provision in the tenure law showing what was intended by the legislature there might be substance to appellant's argument. However, we think the tenure law clearly shows, when all of its provisions are considered together, that it was intended to apply only to teachers employed by a "board of education" in a "county or city school system." Throughout the amendatory act (Act No. 773, supra) reference is made to the "employing board of education." Nowhere in the act do we find any indication of an intent to make it applicable to the Industrial School for Negro Children, except, perhaps, as argued by appellant, the provision in § 351, as amended, supra, defining the term "teacher." But such provision necessarily must be considered in connection with all the other provisions of the act in ascertaining the legislative intent. When so considered we think it is clear that it was not intended that the tenure law should apply to a teacher employed by the board of trustees of said industrial school. Patently, the industrial school is not a part of a "county or city school system", nor is the agency in charge of it a "board

of education". The act creating the industrial school (Act No. 522, appvd. Sept. 30, 1947, Gen. Acts 1947, p. 373; Code 1940, Tit. 52, § 613(1) et seq., 1955 Cum. Pocket Part, p. 112) provides that it "shall be governed and controlled by a board of trustees composed of the governor, the state superintendent of education, the commissioner of public welfare, the state health officer, and seven other trustees, who are interested in the proper education and training of delinquent negro children." Code 1940, Tit. 52, § 613(2).

We perceive no reason why the legislature, if it should choose to do so, could not provide that the tenure law shall be applicable to teachers in said industrial school. The point is that we do not find anything in the present law indicating an intent to make it applicable to such teachers.

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.