133 So.2d 371

**Jimmy D. WILLIAMS**

v.

**Edmon L. RINEHART, Superintendent of Insurance.**

3 Div. 945.

Supreme Court of Alabama.

Sept. 21, 1961.

Tipler & Fuller, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

STAKELY, Justice.

This is an appeal from the judgment of the Circuit Court of Montgomery County, Alabama, dated December 21, 1960 granting the motion of Edmon L. Rinehart, as Superintendent of Insurance of the State of Alabama (appellee), to quash the alternative writ of mandamus which had been issued out of that court on December 9, 1960.

On November 9, 1960 Jimmy D. Williams (appellant) filed a petition in the Circuit Court of Montgomery County, Alabama asking the court to issue an alternate writ of mandamus to Edmon L. Rinehart, as Superintendent of Insurance of the State of Alabama to show cause why he should not be ordered to require the State Treasurer to sell securities deposited by the Travelers Insurance Company in satisfaction of the decree in case No. 46 in the Equity Court of Covington County, Alabama. Writ was issued, motion to quash was filed and the motion was argued before the court. Later a stipulation of the

parties was filed. Based on the petition, motion to quash and stipulation, the court entered an order granting the motion to quash on December 21, 1960. This appeal is from that judgment. For a thorough understanding of this case we refer to our opinion in Williams v. Colquett and Wishum, ante, p. 577, 133 So.2d 364.

On September 17, 1954 Jimmy D. Williams (appellant), then a minor suing by his father and next friend, Jim Paul Williams, filed a suit in the Circuit Court of Covington County, Alabama at Law seeking to recover damages from J. F. Colquett, Thomas Wishum and Herman Hair for alleged injuries received from the operation of their respective automobiles. This suit was designated No. 407. The plaintiff amended this suit No. 407 by striking Hair as a party defendant. Case No. 407 proceeded to trial and ultimately resulted in a judgment in the amount of $5,000 in favor of Jimmy D. Williams against Colquett and Wishum.

Colquett and Wishum filed a bill in the Circuit Court of Covington County in Equity to enjoin collection of the judgment in case No. 407. This suit in equity was designated No. 46. This suit was later dismissed by the court and in the decree of dismissal the court made the following statement with reference to a motion to strike an amendment to the bill of complaint.

"This Court does not presume to hold and this decree should not be construed as a holding by this Court that the bill of complaint as amended, if filed in a new proceeding seeking a new injunction, would not be sufficient to authorize the relief sought by the complainants; but the allegations of the amended bill of complaint relative to the satisfaction of plaintiff's claim by the said Tort Feasor Hare, since the filing of the bill of complaint in this cause, cannot relate back to the time of the filing of the bill of complaint in this cause and bestow Equity upon the bill of complaint, * * *."

When the temporary restraining order was entered by the Equity Court in case No. 46 it was conditioned upon a bond in the amount of $10,000 being entered into by Colquett and Wishum with good and sufficient security as required by law. Thereupon Colquett and Wishum executed the bond as principals and the Travelers Insurance Company executed the bond as surety. As we have heretofore pointed out in equity case No. 46 the court entered a decree dissolving the temporary injunction and dismissing the bill and assessing the cost of the proceeding against Colquett and Wishum and providing for execution to issue.

The Registrar of the Circuit Court of Covington County, in Equity, certified to the Clerk of the Circuit Court of Covington County, at Law, that the Circuit Court of Covington County, in Equity had issued a temporary restraining order enjoining Jimmy D. Williams from enforcing collection of the judgment rendered in behalf of Jimmy D. Williams against Colquett and Wishum in case No. 407 upon Colquett and Wishum entering into bond in the amount of $10,000. On June 10, 1960 the Circuit Court of Covington County, in Equity, entered an order dissolving the injunction and dismissing the bill. The certificate named the obligors on the bond as J. F. Colquett, Thomas Wishum and the Travelers Insurance Company.

Colquett and Wishum, although called upon to do so, did not pay the judgment and the Clerk of the Circuit Court of Covington County duly certified to Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama, pursuant to Section 106, Title 41 of the Code of Alabama, that Jimmy D. Williams had recovered of the defendants Colquett and Wishum the sum of $5,000 on March 4, 1956 and the further sum of $310.95 as costs in the cause and that the defendants, although called upon to pay the judgment and costs, had not paid the same and further certified that the presiding judge had entered an order dissolving the injunction

staying the collection of the judgment and costs and ordering the defendants and their sureties to pay the judgment with 6 percent interest.

Jimmy D. Williams (appellee) made a demand upon the Superintendent of Insurance to require the State Treasurer to sell as many bonds or securities deposited by the Travelers Insurance Company with the State Treasurer as would be necessary to pay the judgment of $5,000 in case No. 407 together with interest and costs as provided by § 106, Title 41, Code of 1940.

Edmon L. Rinehart as Superintendent of Insurance refused to comply with the demand and thereupon Jimmy D. Williams (appellee) filed his petition in the Circuit Court of Montgomery County, Alabama, against Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama seeking to have the court issue to Edmon L. Rinehart in his official capacity as Superintendent of Insurance of the State of Alabama its alternative writ of mandamus commanding him to appear and show cause why he should not be ordered to require the State Treasurer to sell sufficient securities deposited by the Travelers Insurance Company in satisfaction of the claim against the company rendered by the Equity Court in case No. 46.

The Honorable Walter B. Jones, Judge of the Circuit Court of Montgomery County, issued an order directing the issuance of the writ and made it returnable on December 5, 1960.

The writ was duly issued and served on Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama and Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama filed a motion to quash the writ. As heretofore stated the Circuit Court of Montgomery County rendered a judgment granting the defendant's motion to quash and dismissed the cause taxing the costs against the plaintiff and directing execution be issued thereon.

As we have heretofore pointed out this appeal is from the aforesaid judgment of the Circuit Court of Montgomery County, Alabama. `

I. It is the position of the appellant that where there is an order granting a motion to quash where judgment is rendered dismissing the petition at the cost of petitioner in a mandamus proceeding, it is a final judgment from which an appeal may be taken. Brown v. Folsom et al., 268 Ala. 278, 105 So.2d 666. Under § 1049 of Title 7, Code of 1940, a decree which dissolves an injunction that had restrained or enjoined collection of a money judgment, has the force and effect of a judgment against the principals and obligors on the bond. Section 1049, Title 7, Code of 1940. Newsom v. Thornton, 61 Ala. 95.

It is argued that upon dismissal of equity suit No. 46 which had restrained or enjoined the collection of the judgment for $5,000 in case No. 407, such dismissal has the force and effect of a judgment against the principals and obligors on the bond. Accordingly it is the theory of the appellant that the court should have issued the mandamus requiring Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama to obey such mandate from the court and to sell sufficient bonds deposited with the State Treasurer to pay the judgment in case No. 407.

We cannot agree with the position of the appellant. As pointed out in Williams v. Colquett and Wishum, 133 So.2d 364, this court held that the decree of dismissal in case No. 46 was in effect a dismissal of the bill without prejudice and constituted an invitation to file a new proceeding to enjoin the collection of the judgment of $5,-000 in suit No. 407 which had been rendered in the Circuit Court of Covington County. Such a new proceeding was filed and the difference between the bill in case No. 46 and the bill in the new proceeding was pointed out in the decision to which we have referred. Under these circumstances we do not consider that the dismissal of the bill

in case No. 46 constituted a decree in case No. 46 within the meaning of § 1049, Title 7, Code of 1940. It is our view that when the injunction issued in the case which is styled in this court, Williams v. Colquett and Wishum, 133 So.2d 364, has been finally dissolved or made permanent, then the collectability of the judgment in case No. 407 will be determined and liability on the bond issued in that case will also be determined.

We therefore conclude that the lower court was correct in denying the mandamus to Edmon L. Rinehart as Superintendent of Insurance of the State of Alabama and that the judgment of the lower court in denying such mandamus should be upheld by this court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.