## STINNETT AND TOWNSEND v. THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT MOBILE, AND ANOTHER.

1. Where a party is sued at law, in a county remote from his residence, upon a note, the making of which he denies, he should take prompt measures to defend himself, by interposing a plea and entrusting his defence to counsel, or by his attendance at court in person, or by an agent informed as to the grounds upon which a recovery was to be resisted, &c. A court of equity will not grant relief against a judgment at law, merely because it is inequitable.

2. A party cannot have the benefit, in equity, of a partial payment made by a compromise before judgment, upon the ground that he did not acquire a knowledge of it in time to plead it. To entitle a party to come into Chancery after judgment at law, he must show the exercise of ordinary diligence to discover the defence; or that he was prevented from employing such diligence by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part.

Writ of Error to the Court of Chancery sitting in Talladega.

The plaintiffs in error alledge in their bill, that the Branch of the State Bank at Mobile, recovered a judgment at the fall term of the Circuit Court of Mobile, against them and one Simeon Douglass, for the sum of $370, besides costs. This judgment purports to have been rendered on a note, subscribed with the names of Douglass and the complainants, which

Stinnett and Townsend v. The Branch Bank at Mobile, and another.

the latter affirm is not their act, and never was made or ratified by them.

Some short time previous to the term of the court, when the judgment was rendered, a notice was served on the complainants, informing them that a judgment would be moved for, by the Bank, against Douglass and themselves, at that term. They accordingly inquired of Douglass if he knew any thing about the note, who informed them that he had obtained money from the Bank on paper discounted for his benefit, but no such note as was described in the notice, had ever been discounted for his benefit, and that he would go to Mobile and have the mistake corrected, and the matter arranged and settled. Douglass had previously had dealings with the Bank, and it had discounted notes for him; but the complainants never had received money from the Bank, by way of discount or otherwise.

Douglass, immediately after the conversation, did leave his residence in Talladega for Mobile, and died at the latter place, as complainants have been informed, and believe, about the commencement of the term when judgment was rendered, of yellow fever—a disease which it was believed was then prevailing in that city, to an alarming extent. Complainants did not hear of the death of Douglass until some time after it occurred. As soon as they were informed of it, they attempted by letter to procure counsel to make the necessary defence to the suit of the Bank against them; but their defence could not be made without their presence, and they considered it hazardous to go to Mobile, while an epidemic of the character mentioned was prevailing there. The judgment was rendered against the complainants and Douglass, a few days after the death of the latter.

From information and belief, it is stated, that Douglass paid the Bank, or its agent, fifty dollars on the note in question; but the complainants did not hear of this payment, until long after the judgment was rendered, which is for the full amount. This latter fact was communicated by the defendant; Henry L. Brown the administrator of Douglass, having found a receipt among the papers of his intestate, evi-

16

dencing the payment to the Bank, or its agent.  The estate of Douglass is insolvent, and the Bank is attempting to enforce a collection of its judgment of the complainants ; they therefore pray that an injunction issue to restrain all proceedings thereon, and that the Bank and Brown answer the bill, &c.

An injunction was awarded accordingly.  Afterwards, on motion of the defendant's counsel, the injunction was dissolved, and the bill dismissed for want of equity, at the complainant's costs.

S. F. RICE, for the plaintiff in error, made the following points :  1.  Every forgery includes a fraud—equity has concurrent jurisdiction with a court of law, in matters of fraud ; consequently no excuse was necessary for not defending the motion in the Circuit Court.  [7 Ala. Rep. 664; Givens v. Tidmore, 8 Id. 745 ; 9 Dana's Rep. 10.]

2.  If an excuse be necessary for not defending at law, it is made in the bill, viz : confidence reposed in Douglass, and the prevalence of yellow fever at Mobile.  [2 Stew. Rep. 42; 2 Ala. Rep. 256, 632 ; 1 Green's Ch. Rep. 214.]  Again, the payment of fifty dollars by Douglass, of which the complainants were not informed until after judgment, and the insolvency of Douglass's estate, constitute a distinct ground for equity jurisdiction.

A. WHITE, for defendants in error, was stopped by the Court.

COLLIER, C. J.—We think it perfectly clear, that the complainants did not adopt such measures of active diligence in defending themselves against the suit of the Bank, as the law requires, in order to entitle them to relief in equity.  It is not alledged that they deputed Douglass as their agent, to defend the motion which the notice indicated would be made by the Bank against them.  He did undertake to go to Mobile and make defence, but he assured the complainants there was a mistake in the notice, that the note was not genuine, and he would go and have the *mistake corrected*, and the

matter *arranged and settled.* Clearly showing his intention to be, to effect a settlement with the Bank by a voluntary arrangement, instead of a trial at law.

If the note described in the notice was not made by the complainants, or in any manner adopted by them, they should when served with the notice, have taken prompt measures to make their defence. The notice, if it did not contain an exact copy of the note, no doubt described it, by date, amount, &c. so as to have enabled the complainants to have made out and verified a plea, putting in issue the making of the note, and intrusted their defence to counsel attending the court at Mobile. If this course of proceeding did not meet their views, they could have attended the court in person, or by an agent informed as to the nature of their defence, and the evidence by which they could be defended against an unjust recovery. To entitle a party to relief against a judgment at law, it is not sufficient to show that the judgment is inequitable—but the party must show, that he has used reasonable diligence to make his defence before the proper forum. [Mock v. Cundiff, 6 Por. Rep. 24; McGrew v. Tombeckbee Bank, 5 Id. 547; Hill v. McNeill, 8 Id. 432; French v. Garner, et al. 7 Id. 549.] This view is conclusive to show, that so far as the jurisdiction of Chancery is rested upon the ground, that the note upon which the judgment at law was rendered, was not made by the complainants, or never received their sanction, the bill cannot be supported.

In respect to the payment to the Bank, or its agent, of $50, by Douglass, it does not appear that the complainants used any diligence to become informed of the state of accounts between their principal and his debtor, previous to the rendition of the judgment. Nor does it appear, that upon due inquiry such information could not have been obtained. *Again,* the time when, and to whom the payment was made, is not explicitly alledged. A party who seeks the aid of a Court of Chancery, after a judgment at law against him, on the ground that he was ignorant of the defence, must show the exercise of ordinary diligence to discover it; or that he was prevented from employing such diligence by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. [Lee and Norton v. The Ins. Bank of Columbus, 2

Ala. Rep. 21.] From this view it results, that the second ground stated does not entitle the complainants to the interposition of a court of equity. The decree dismissing their bill is consequently affirmed, with costs.