(82 South. 481)

HUEY v. DYKES. (6 Div. 853.)

(Supreme Court of Alabama. June 5, 1919. Rehearing Denied June 30, 1919.)

1. MUNICIPAL CORPORATIONS ☞705(10) — STREETS—SPECIAL LOOKOUT—DUE CARE.

There was no duty resting on a bicycle rider to keep a special lookout for an automobile on an intersecting street, but only the general duty to exercise due care.

2. INDEMNITY ☞13(1)—SERVANT'S LIABILITY TO MASTER.

A master held to pay damages for an injury inflicted on a third party by the wrong or negligence of his servant has a right of action to recover the amount of such damages from the servant.

3. JUDGMENT ☞630 — BAR — JOINT TORT-FEASORS.

While joint tort-feasors, as a master and his servant who wrongfully injure another, are liable jointly or severally, a judgment against one is not a bar to an action against the other for the same wrong, except in case of full satisfaction or what the law must consider as such.

4. JUDGMENT ☞631 — BAR — JOINT TORT-FEASORS—ELECTION TO ACCEPT PROCEEDS OF JUDGMENT.

Where a judgment was recovered against a company whose servant injured another, but nothing was done by the actual or presumptive authority of the injured person's administrator to determine his election to accept the proceeds of the judgment against the employing company in place of his right of action against the servant who actually caused the injury, the administrator's right of action against the servant was not barred, though the amount of the judgment against the employing company was paid to the clerk of the federal court in which it was recovered.

5. APPEAL AND ERROR ☞1056(1) — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an administrator's action for death against the servant who caused it, exclusion of evidence of the rendition of judgment in the federal court against the servant's employing company and of the payment of judgment and costs to the clerk of the court held harmless to defendant servant, where it was clear that the servant relied on the clerk's receipt of the judgment money in his official capacity as sufficient in itself to determine the administrator's election of his remedy to recover against the company.

6. EVIDENCE ☞501(1) — CONCLUSION OF WITNESS.

Where there was no statement of the facts, the mere conclusions of a witness were not admissible.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by G. H. Dykes, administrator, against Sam Huey. From judgment for plaintiff, defendant appeals. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

Allen, Fisk & Townsend, of Birmingham, for appellee.

SAYRE, J. [1] The accident by which plaintiff's intestate lost his life resulted from a collision between an automobile driven by defendant and a bicycle ridden by intestate at a street crossing to which the parties approached from the two streets. The complaint alleged that defendant did negligently cause or allow said automobile to be run upon or against intestate, causing his death. The demurrers to pleas 2, 4, and 5 were properly sustained, we think, for that the defense therein stated proceeded upon the theory that it was the duty of intestate to keep a special lookout for defendant's automobile, whereas no such duty rested upon intestate in his use of the highway, but only the general duty to exercise

due care. Adler v. Martin, 179 Ala. 97, 59 South. 597.

Pleas 7, 9, 10, and 11 were pleas of former recovery. These pleas set out the record of an action in the federal court in which the present plaintiff, alleging that the present defendant had acted as the agent or servant of the Barrett Company, a corporation, in causing the death of plaintiff's intestate, recovered judgment against the corporation on account of the identical wrong and injury alleged in this cause. Some of these pleas showed that the Barrett Company had paid the amount of the recovery to the clerk of the federal court, and two of them alleged that plaintiff had not offered to return to the Barrett Company the amount so paid. Demurrers were sustained which took the ground that these pleas, showing that the defendant and the Barrett Company were joint tort-feasors, failed to show that plaintiff had accepted the proceeds of the action in the federal court.

[2-4] The court ruled advisedly. It is true that the master who is held to pay damages for an injury inflicted on a third party by the wrong or negligence of his servant has a right of action to recover the amount of such damages from the servant. Labatt, Mas. & Serv. § 2595. And from this premise appellant, affirming that the judgment against the Barrett Company became a lien on all of its property which it had a right to discharge and that it had no legal means of repossessing itself of the money so paid into court, attempts to work out the result that the judgment of the federal court and the payment of the money to the clerk should bar this action, for, otherwise, he says, the defendant servant may be compelled to pay twice for the wrong and injury done to plaintiff. The desired conclusion cannot be maintained. While joint tort-feasors are liable jointly or severally, the American rule is that a judgment against one is no bar to an action against the other for the same wrong. Nothing short of full satisfaction, or that which the law must consider as such, can make such judgment a bar. Blann v. Crocheron, 20 Ala. 320; Du Bose v. Marx, 52 Ala. 506; Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129; 1 Jaggard on Torts, 341 and note on page 342, where the cases are collected. In the case first above it was said:

"That a recovery against one, without a satisfaction of that recovery, would form no bar to his [the plaintiff] proceeding to judgment against the other. And having judgment against both, the plaintiff might elect de melioribus damnis, and issue his execution against one, which would amount to a determination of his right to elect, and preclude him from proceeding against the other, except for cost."

In that same case the amount of the judgment had been paid to the clerk, and the court held that the right of the plaintiff in action could be in no wise affected by the acts of the defendant in judgment and the clerk, done without the sanction or authority of the plaintiff, observing that, to hold otherwise "would change the rule of law, which gives the right of election in such cases to the plaintiff, and bestow it upon the defendant," the reason of which rule is that joint tort-feasors, who are sued separately, may not hasten the trial of the least guilty among them, and, by satisfying in the clerk's office the damages and costs adjudged against him, free themselves from all responsibility for their own greater guilt. Noting that, so far as the court is advised by the pleadings, nothing has been done by the actual or presumptive authority of the plaintiff to determine his election to accept the proceeds of the judgment against the Barrett Company, the court holds that the rule of the authorities generally applies in this case, and therefore that the demurrers to these pleas were properly sustained.

[5] Demurrer was overruled to plea 12, alleging that plaintiff had recovered a judgment against the Barrett Company in the federal court before this suit was filed, that said company "satisfied said judgment and costs by paying the same in full to the clerk of said United States court as the agent of the plaintiff who was authorized to receive the same by plaintiff and who received the same as such; that said judgment and costs became a lien on the property of said the Barrett Company unless satisfied." Defendant offered to show in evidence the rendition of such judgment and the payment of judgment and costs to the clerk of the court. It appears from the record that there was technical error in excluding the proposed evidence, since it constituted an essential part of the defense alleged. But the error is held to be harmless for the reason that it is entirely clear upon the whole record that defendant relied upon the clerk's receipt of the judgment money in his official capacity as sufficient in itself to determine plaintiff's election nor offered to show anything more to the point. As we have already stated, in this the defendant misconceived the law.

[6] Other questions of evidence need no extended comment. There was no statement of the facts, and without that the mere conclusions of the witness were not admissible. Alabama City, G. & A. Ry. Co. v. Heald, 178 Ala. 636, 59 South. 461.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.