96 So.2d 756

Ashley GIBSON

v.

**ELBA EXCHANGE BANK.**

4 Div. 896.

Supreme Court of Alabama.

Aug. 22, 1957.

J. C. Fleming, Elba, Alton L. Turner, Luverne, and J. O. Sentell, Jr., Montgomery, for appellee.

C. L. Rowe, Elba, for appellant.

SIMPSON, Justice.

Supersedeas proceeding by Ashley Gibson, appellant. Code 1940, Tit. 13, § 128. The appellant is seeking to have superseded an execution issued out of the Coffee County Circuit Court. The execution was to satisfy a judgment (as we interpret it) rendered against appellant on two promissory notes.

In 1950 Elba Exchange Bank, the appellee, filed an action against the appellant in detinue and to recover on two promissory notes held by appellee. The first count of the complaint was in detinue; count number 2 was on a promissory note executed by appellant in February, 1949 and payable in May, 1949; count 3 was on a promissory note executed by appellant in December, 1944 and payable in March, 1945. Both notes were secured by a mortgage on the property described in the first count.

The appellant was properly served with process in this 1950 action. Not appearing to defend or contest the action in any manner, Elba Exchange Bank caused a default judgment to be entered against the defendant-appellant for the property sued for in the first count and a money judgment for $5,159.19. It is upon this money judgment that execution was issued.

The appellant in 1955, sought by an equitable action to quiet title to prevent the levying of the execution on his property. This equitable action was instituted in the Circuit Court of Crenshaw County, the basis of the relief prayed for being fraud connected with the sheriff's return. The cause was decided adversely to Gibson by this court. Gibson v. Elba Exchange Bank, 264 Ala. 502, 88 So.2d 163.

After failing in the equitable action, the appellant then returned to the Circuit Court of Coffee County and instituted the present proceeding wherein he seeks to supersede the execution whereby a levy was made on his property located in Crenshaw County.

The contention of the appellant may be summarized as follows: The judgment rendered by the court resulted in a finding for the defendant on count 3 of the complaint, i.e., on the note executed in 1944 and due in 1945; that the property awarded the bank (first count) in the judgment was to be applied to the money judgment likewise awarded the bank. Further, that the value of the property, taken by the bank pursuant to the judgment and held by it, was more than sufficient to satisfy the money judgment. As a consequence of this contention the appellant here is seeking to supersede the execution and require the bank to satisfy the claim held by it against the appellant.

The trial court, in the hearing on this proceeding, heard the evidence ore tenus. Therefore, where there is conflicting evidence, unless his finding is clearly wrong or contrary to the great weight of the evidence, there is a presumption in favor of such finding. See 2A Ala.Dig., App. & Error, ☞931(1) (b).

First, as to matters that may be inquired into by this proceeding.

"It is said in Bacon's Abridgement (volume 1, p. 510,) in reference to the writ of *audita querela:* This process 'is a writ to be relieved against an unjust judgment or execution, setting them aside, for some injustice of the party that obtained them, which could not be pleaded in bar to the action; for, if it could be pleaded, it was the party's own fault, and therefore he shall not be relieved, that proceedings must not be endless'. In our practice, the proceeding by *supersedeas* is substituted for the writ, and generally will lie in the cases in which a writ of *audita querela* would lie at common law. Matter which operates an equitable satisfaction of a judgment, may be inquired into by this proceeding, and an execution issued to enforce the judgment may be

superseded and vacated; but matters which go behind the judgment cannot be inquired into. * * *". Thompson v. Lassiter, 86 Ala. 536, 540, 6 So. 33, 34.

"* * * The primary and principal object of the remedy by the writ of *supersedeas* is to prevent the abuse of the process of the court, and, while it is said to be in the nature of a bill in equity as to matters of discharge insisted on in the petition, which does not appear of record, such matter of discharge insisted on in the petition *must be matter arising subsequent to, and not anterior to, the judgment*". (Emphasis supplied.) Jesse French Piano & Organ Co. v. Bradley, 143 Ala. 530, 39 So. 47. See also Campbell v. Byers, 6 Ala.App. 292, 60 So. 737.

■ The contention of fraud entering into the procurement of the judgment being settled by this court adverse to appellant on the former appeal of the equitable action, the only matter to be inquired into on this appeal is that which occurred subsequent to the rendition of the judgment.

■ The appellant contends on this appeal that when the court did not return a judgment for the plaintiff on count 3 of the complaint in the original action, then it necessarily followed that there was a finding for the defendant on such count. In support of this the appellant cites the cases of Wittick v. Traun, 27 Ala. 562 (Dissenting Opinion of Rice, Justice, adopted as opinion in Handley v. Lawley, 90 Ala. 527, 8 So. 101; Louisville & N. Railroad Co. v. Walker, 128 Ala. 368, 30 So. 738; and Central of Ga. Railway Co. v. Corbitt, 218 Ala. 410, 118 So. 755. The appellant properly construes the holdings of these cases, i.e., a verdict for the plaintiff for only a portion of the property claimed in a detinue action or on certain counts and not on others is generally a verdict for the defendant for the remainder. However, we do not think such a rule to be here applicable. In those suits the defendants appeared and defended them, and the judgments rendered were rested on a finding of a jury upon contested claims. Such is not the case here. After being duly served with process of suit, the defendant made no appearance, but wholly defaulted. When a defendant has been properly served with process and defaults, the default constitutes "an admission of traversable allegations that are well and properly pleaded and are material to the issues or only such allegations as are necessary to obtain the particular relief sought". 49 C.J.S. Judgments § 201(b), p. 358. See also Ex parte Allen, 166 Ala. 111, 52 So. 44. It follows, therefore, that since the default by the defendant-appellant constituted an admission of the facts well pleaded, there could be no finding in favor of the appellant for something he had already confessed. There could, therefore, be no subsequent finding in favor of the defendant on any count of the complaint which was well pleaded. What was left for the trial court to determine then was the amount of recovery in property and money the plaintiff was due. The resulting judgment in the lower court therefore was a finding for the plaintiff (the defendant having defaulted) and an award to it of the property claimed and in addition an award to it of a money judgment against Ashley Gibson in the sum of $5,159.19.

■ It is the contention of appellant that the value of the property should be applied against this money judgment.

On the appeal from the equitable action mentioned supra this Court stated:

"It should also be noted that according to the bill the bank took possession of the personal property of the partnership not prior to but pursuant to and subsequent to the judgment in detinue. Accordingly the trial judge was authorized by law to enter a judgment in favor of the plaintiff for the property sued for. The judgment for the amount due on the notes on the other counts of the complaint was entered by the court at the same time and in entering these judgments entries, it was not necessary

for the value of the property to be ascertained and in fact the judgment entry shows that the value of the property was not ascertained. * * *

"Furthermore in Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248, 250, this court said: ' "A party who ignores a summons and without good excuse neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree" '. * * *

"It is also well to note that the defendant in a detinue action in a suit by a mortgagee may upon suggestion require the ascertainment of the amount of the mortgage debt.—§ 929, Title 7, Code of 1940. Under the allegations of the bill Ashley Gibson not only made no effort to defend the suit but he made no effort under the statute to require the ascertainment of the balance due on the mortgage debt." 264 Ala. at page 508, 88 So.2d at page 167.

Title 7, § 936, Code of 1940, provides that "Upon the defendant's failure to appear and plead in such case, within the time provided by law the plaintiff may take judgment against the defendant for the property sued for * * *". Therefore, as we view the case, the trial court was correct in awarding the property to the bank and a judgment for any deficient amount.

In his assignment of errors the appellant contends that the trial court erred in allowing in evidence a stipulation entered into by counsel for both parties to the effect that the property sued for secured the promissory notes. Appellant argues that the court erred in holding the facts stipulated material to the present inquiry. Since there was no finding in favor of the defendant on count 3 of the original complaint, such stipulation was material to the inquiry of the court, viz., if the property taken was sufficient to satisfy the entire debt.

■ Likewise there was no error in refusing to allow into evidence the detinue bond filed by Elba Exchange Bank. To allow this evidence would, in effect, be going behind the judgment. Jesse French Piano & Organ Co. v. Bradley, supra. Not only would it be improper to go behind the judgment, but it would also be immaterial as to when the bank acquired the property in view of our construction of the judgment rendered.

■ Assignment of Error number three. The action of the court in allowing the witness to testify as to when the bank came into possession of the property was harmless error. Rule 45, Title 7 Appendix, Supreme Court Rules, Code of 1940. It matters not when the bank acquired the property in view of the judgment rendered by the trial court.

The appellant complains of the action of the trial court in sustaining the objection of appellee to the following question:

"Q. Now confining your answer strictly to the question as to the judgment on count two of the complaint in No. 3680, in the sum of $5,159.19, I ask you if this property which you have testified about from these exhibits '6' and '7', and about the sale by the bank of the several items, if any credit has been accorded to Ashley Gibson on that judgment on count no. two by reason of the sales of these items?"

■ A prior chattel mortgage takes precedence over a subsequent chattel mortgage on the same property. Whaley v. Bright, 189 Ala. 134, 66 So. 644. Therefore, admitting liability on both notes and mortgages, the property acquired under action No. 3680 (original suit) would have to be first applied to the earlier mortgage (note sued on in count 3). Likewise, only events happening subsequent to the judgment may be inquired into. Jesse French Piano & Organ Co. v. Bradley, supra.

■ Appellant's assignments of error five, six, seven and eight relate to the action of the trial court in overruling appellant's objection to the cross-examination

of witness Fleming (attorney for appellee) in regard to a statement of credits, which were plaintiff's exhibits and introduced into evidence by the petitioner in this action. The statement consisted of a letter and statement of account sent by witness Fleming to Mr. Rowe (attorney for appellant). The scope and extent of the cross-examination rests largely within the discretion of the trial court. 19 Ala. Digest, Witnesses, ☞ 267, p. 729. Not only is the court given wide discretion, but where a party on direct examination brings out a part of a transaction by a witness, it is competent on cross-examination for his adversary to explain the transaction or bring out the remainder. Day v. Downey, 256 Ala. 587, 56 So.2d 656.

Concededly, this case has been difficult of solution. The parties have been diligently represented by able counsel. On a studied consideration, however, we are persuaded the trial court ruled correctly on all material issues.

Affirmed.

All Justices concur except STAKELY, J., not sitting.