133 So.2d 364

Jimmy D. WILLIAMS

v.

J. F. COLQUETT et al.

4 Div. 62.

Supreme Court of Alabama.

Sept. 21, 1961.

See also 264 Ala. 214, 86 So.2d 381; 269 Ala. 383, 113 So.2d 347.

Tipler & Fuller, Andalusia, for appellant.

Robt. B. Albritton and Albrittons & Rankin, Andalusia, for appellees.

STAKELY, Justice.

J. F. Colquett and Thomas Wishum (appellees) filed a bill of complaint in the circuit court of Covington County, Alabama, in Equity, against Jimmy D. Williams (appellant). The bill prayed for a temporary injunction against the respondent restraining him from enforcing the collection of a monetary judgment obtained by respondent against the complainants on the law side of the court pending a final determination of the equity suit. The circuit judge, Honorable F. M. Smith, granted a temporary injunction as prayed for in the bill. Thereupon, the respondent filed his motion to dissolve the temporary injunction and dismiss the bill of complaint. This motion was set down for hearing by agreement of the parties and was duly submitted to the court with the result that the court entered a decree denying and overruling respondent's motion. This appeal was taken by the respondent (appellant) from the aforesaid decree.

The allegations of the bill show in substance the following. On the 17th day of September, 1954, Jimmy D. Williams, then a minor, filed his suit pro ami in the circuit court of Covington County, Alabama, at Law, against Colquett and Wishum and one Herman Hair as joint tort-feasors seeking damages for alleged injuries received from the operation of their respective automobiles. This suit was designated No. 407. Prior to the trial of the case, complainants propounded interrogatories to the codefendant Herman Hair and the plaintiff seeking to elicit information as to a settlement or satisfaction between the plaintiff and codefendant Hair. Shortly before trial of the case, the plaintiff amended his complaint by striking Hair as a party defendant and objected to Hair's answering interrogatories touching the alleged agreement and he refused to answer them. The court overruled the complainant's motion to require answers to the interrogatories, and thereupon the complainants filed their petition in this court praying for the issuance of an alternative writ of mandamus or rule nisi commanding Hon. B. W. Simmons as trial judge to enter an order requiring the plaintiff and codefendant Hair to answer said interrogatories. The Supreme Court granted the petition and the writ was issued. Thereafter, Judge B. W. Simmons entered an order pursuant to the writ commanding the parties to answer such interrogatories and they did answer the same, and denied that there was any agreement, understanding, or settlement between the plaintiff on the one hand and the defendant Hair or his attorney or his insurance company on the other, involving the full or partial satisfaction of plaintiff's injuries.

On the day following the filing of the amended complaint and prior to the trial of case No. 407, the plaintiff filed a separate suit against the defendant Hair alone and on the identical cause of action sued on in case No. 407. This case was designated as case No. 593. Case No. 593 was heard by agreement of the parties without a jury on the same day the complaint was filed. Neither defendant Hair nor his attorney was present and no defense was offered in the suit. The court thereupon entered a judgment in favor of the plaintiff against the defendant Hair for the sum of one-half of his damages for the very injuries claimed in case No. 407.

Case No. 407 then proceeded to trial before a jury and judgment was entered in favor of plaintiff for $12,000 against the defendants Colquett and Wishum. Judgment was reversed on appeal to the Supreme Court of Alabama and on remandment, trial of the case resulted in favor of Jimmy D. Williams against Colquett and Wishum in the sum of $5,000. No appeal was taken from this judgment.

However, Colquett and Wishum filed a bill to enjoin the collection of the judgment in case No. 407. This bill was designated No. 46. The court dismissed this bill saying—

> "This court does not presume to hold and this decree should not be construed as a holding by this court, that the bill of complaint as amended, if filed in a new proceeding seeking a new injunction would not be sufficient to authorize the relief sought by the Complainants."

Thereupon the bill now in question was filed by the complainants.

The bill further alleges that despite protestations of the defendant Hair that there was no understanding or agreement of any character between him, his attorney or his insurance company with the plaintiff in connection with the settlement of his liability, the defendant Hair by his alleged actions collaborated with the plaintiff in an effort to fix liability against the defendants Colquett and Wishum in case No. 407. The complainants allege several circumstances indicating said collaboration. (1) At the time of the rendition of the judgment in case No. 593, the defendant Hair had an insurance policy and his liability for the payment of the judgment against him in the amount of $8,100 was fully covered by

the policy. The defendant Hair was a solvent person and had ample property out of which the judgment could be paid. However, the plaintiff instructed the clerk to withhold the issuance of execution on the judgment rendered in case No. 593 against the defendant Hair and no writ of execution was ever issued thereon, nor was any payment thereof reflected on the records of the court. (2) The answer filed in case No. 593 was prepared by the plaintiff's attorney. The case was heard on the same day the complaint was filed by agreement of the parties without a jury. Neither the defendant nor his attorney was present and no defense was offered in the suit. (3) Prior to the rendition of the judgment in the case No. 593, the father of the plaintiff had pending a suit for the loss of services of his minor son because of the injuries alleged in cases No. 593 and 407. The United States Fidelity & Guaranty Company as the insurer of the defendant Hair paid the plaintiff's father in pro tanto settlement of his claim the sum of $1,900. This policy of insurance was for $10,000. Thus there was $8,100 remaining coverage and this was the exact amount entered by the court in case No. 593. (4) The attorneys for the plaintiff and defendant Hair acted jointly in vacating and setting aside the final judgment rendered in case No. 593 and restored the same to the trial docket. This left the defendant Hair unprotected for any judgment that might be rendered against him in excess of $8,100 because of plaintiff's said injuries. On the other hand, the plaintiff was apparently confident of collecting $8,100. A satisfaction of the judgment for $5,000 against the complainants in case No. 407, being for the full amount of plaintiff's injuries, would be a satisfaction and discharge of any claim he might have against the defendant Hair for the $8,100. (5) The United States Fidelity & Guaranty Company set aside a reserve of $8,100 to pay the plaintiff's claim against it as evidenced by the judgment and agreed to pay such amount to the plaintiff in full discharge of its liability to him at such time as the plaintiff called upon it to pay such amount, regardless of the outcome of the issues in case No. 407, and the bill alleges that the setting aside of the judgment in case No. 593 was a mere sham and facade behind which the plaintiff, the defendant Hair and his insurer, were moving in order to first collect the $5,000 judgment against defendants Colquett and Wishum and thereafter consummate the settlement between the plaintiff and the defendant Hair in the sum of $8,100 according to a prior understanding between them and thereby afford the plaintiff a double recovery.

The bill alleges in the alternative that at the time of the trial of case No. 407, there was in truth and in fact a pro tanto settlement between the plaintiff on the one hand and Hair and his insurer on the other, for the same injuries claimed in both of said suits and that from the evidence transpiring since the rendition of the final judgment in each of said cases, there appears manifest collusion between the plaintiff and the said Hair and his insurer, the respondent United States Fidelity & Guaranty Company to subject Colquett and Wishum to an inequitable collection of the judgment rendered against them in case No. 407 and that the said parties have, by such collusion prevented Colquett and Wishum from asserting such pro tanto settlement in their defense of case No. 407. After the plaintiff's disability of non-age was removed by court order, it is alleged that the United States Fidelity & Guaranty Company actually paid the plaintiff the sum of $8,100 in full satisfaction of his claim against defendant Hair and that such payment was made pursuant to the collusion and in final consummation thereof.

The bill further alleges that to allow the plaintiff to collect the $5,000 judgment against Colquett and Wishum would allow him a double recovery for his injuries without affording them the right to plead a pro tanto settlement in case No. 407 or to have the amount of $8,100 applied by the court as a set-off in satisfaction of the judgment against them. The bill further alleges that

the payment to and acceptance by the plaintiff of the sum of $8,100 under the circumstances alleged should and does constitute an equitable satisfaction of the judgment in case No. 407 against Colquett and Wishum. The bill prayed that a temporary injunction or restraining order be issued against plaintiff Williams restraining him from enforcing the collection of the judgment against Colquett and Wishum. The bill also prayed that upon a final hearing, the court would order that the $8,100 received by Williams be applied in full satisfaction of the judgment against Colquett and Wishum and that the plaintiff be permanently enjoined and restrained from taking any action to enforce the judgment against Colquett and Wishum in case No. 407.

I. It is earnestly argued by the appellant that there is no equity in the bill because there is a plain and adequate remedy at law. Before coming to this question we think it well to make some preliminary observations. This case is before this court on an appeal from a decree of the equity court refusing to dissolve a temporary injunction. It is well settled that a motion to dissolve an injunction should be granted where there is a want of equity in the bill of complaint. In other words the motion to dissolve the temporary injunction tests the equity of the bill. Woodward v. State, 173 Ala. 7, 55 So. 506; Corte v. State, 259 Ala. 536, 67 So.2d 782.

It is also well settled that while a party is entitled to full compensation for his injuries there can be only one satisfaction therefor. This court has repeatedly recognized the universal rule that there can be but one satisfaction for an injury. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Brooks v. City of Birmingham, 239 Ala. 172, 194 So. 525. Furthermore, a person injured by two or more joint tort-feasors may accept partial satisfaction and release one or more pro tanto and continue to proceed against one or more of the others. Steenhuis v. Holland, supra. If a plaintiff recovers judgment against one of the joint tort-feasors and obtains satisfaction, this operates as a discharge of the others and where separate suits are filed against several joint tort-feasors and one suit is settled and the defendant discharged, the entire cause of action is discharged, there can be no recovery in the other suit. Huey v. Dykes, 203 Ala. 231, 82 So. 481. As we have said a person injured by joint tort-feasors may accept partial satisfaction and release one or more pro tanto and proceed against the others. However, the tort-feasors not so released may plead the release as a bar to that amount paid by the released tort-feasor or may place it in evidence showing payment for the one injury up to the amount shown in the release. Steenhuis v. Holland, supra; Wright v. McCord, 205 Ala. 122, 88 So. 150. Any amount received by a party as compensation for his injuries, whether under a covenant not to sue, a conditional release or any other kind of arrangements, should be applied as a pro tanto reduction upon damages recoverable from another joint tort-feasor. Steenhuis v. Holland, supra; McCoy v. Louisville & N. R. Co., 146 Ala. 333, 40 So. 106.

Returning now to the proposition of the appellant that there is an adequate remedy at law, the appellant insists that there is an adequate remedy at law available to Colquett and Wishum under Title 13, Section 128, 1940 Code of Alabama and under Title 7, Section 568, 1940 Code of Alabama. However, relief under Section 568 or under Section 128 must either rest on facts occurring subsequent to judgment such as satisfaction or if it relates to antecedent facts, must show fraud in the decree or want of jurisdiction in the court apparent on the face of the record. Wallace v. F. W. Cook Brewing Company, 196 Ala. 245, 72 So. 93; Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756. Under the allegations of the bill it is shown that there was an arrangement, scheme or subterfuge which culminated in the respondent Williams obtaining the sum of $8,100 from the insurance carrier of the joint tort-feasor Hair. Accordingly, the

respondent Williams now seeks to prevent complainants from using as a set-off against the judgment obtained by Williams against these complainants the sum of $8,-100 paid to Williams. We will not here repeat the various allegations of the bill which tend to show in detail the alleged devious and collusive dealings leading up to this result. These alleged collusive dealings appear in the bill of complaint as hereinabove set forth. We must assume at this state of the proceedings that the allegations of the bill are true. Accordingly, the equity of the bill in our judgment is clear and unmistakable.

It is true that the suit was brought by Williams pro ami when Williams was a minor. However, the bill alleges that Williams had his disability of non-age removed and subsequent thereto he received the sum of $8,100 in accordance with his previous arrangement with the other respondents. Accordingly, it appears that Williams confirmed the pre-existing arrangement after becoming of legal age. This court has held that contracts of infants are capable of confirmation by acts done in pursuance of them after the infant becomes of age without any new consideration. Sims v. Gunter, 201 Ala. 286, 78 So. 62; Commercial Credit Co. v. Ward and Son Auto Co., 215 Ala. 34, 109 So. 574.

We have said that the equity of the bill is clear. In the case of Prestwood v. Bagley, 227 Ala. 316, 149 So. 817, 818, this court said:

"Fraud or mistake is not the sole ground of equitable relief against judgments at law.

"As a general rule any fact which clearly proves it would be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, * * will authorize a court of equity to enjoin the adverse party from enforcing such judgment. * * *

"The inadequacy of legal remedies by reason of their rigid and inflexible character, and their want of jurisdiction to deal with equitable rights and titles, is a basic ground for equity jurisdiction."

See also Hanover Fire Insurance Company v. Street, 228 Ala. 677, 154 So. 816; Timmerman v. Martin, 234 Ala. 622; 176 So. 198.

In brief the complainants (appellees) could not have pleaded the arrangement or settlement in their defense of case No. 407 because—

(a) the *judgment* in case No. 593—This judgment was later declared a nullity. Colquett, et al. v. Jimmy D. Williams, pro ami, et al., 269 Ala. 383, 113 So.2d 347—was not in itself a discharge or accord and satisfaction, either pro tanto or total, without payment, which had not been made at the time of the trial of case No. 407, and

(b) the original arrangement between Williams and Hair and his insurer did not ripen or mature as a fixed obligation until after the judgment for $5,000 entered against the complainants, thereby leaving Complainants without means of protection except by this proceeding for injunction.

We might further say that the basis of the bill of complaint in this case is not merely an alleged agreement but an alleged arrangement being perpetrated for the purpose of denying to claimants their lawful right of set-off and subverting the principle of law that there can be only one satisfaction for one injury. The matter set forth in the bill of complaint with reference to the arrangement could not have been pleaded in case No. 407 because the activating part of the alleged arrangement did not occur until after the conclusion of the trial, the verdict of the jury and the rendition of the judgment. It should be noted here that the complainants, according to the allegations of the bill, made diligent effort to discover such defense but without success. In the case at bar the respondent Williams, according to the allegations of the bill, has already received $8,100

from Hair's insurer which is $3,100 in excess of the amount set by the jury in case No. 407 without their knowledge of any other compensation. Accordingly Williams has already received satisfaction and a court of equity will not permit a further payment to him.

II. The bill shows that prior to the institution of the present suit a suit designated as No. 46 was filed in the Circuit Court of Covington County in Equity. Suit No. 46 was filed by these appellees as complainants against Williams seeking to enjoin him from collecting the $5,000 judgment in case No. 407. A copy of the original bill in suit No. 46 is set out as an exhibit to the present bill and made a part of the present bill. We should keep in mind—the allegations of the bill in suit No. 46 as contrasted with the allegations of the instant bill. The allegations of the two bills are similar with one important exception. The bill in case No. 46 did not allege on information and belief that Williams had been paid the sum of $8,100 in consummation of the alleged arrangement because this had not occurred at that time. In suit No. 46 the court granted a temporary injunction as prayed for. Later the bill was amended by alleging that since the filing of the original bill, Williams had obtained a proper court decree removing his disability of non-age and on information and belief further alleged that he had thereupon been paid $8,100 by Hair's insurer in consummation of the alleged arrangement. Thereafter on June 10, 1960 on appellant's motion the court dissolved the temporary injunction in suit No. 46 and dismissed the bill in that case.

It is sufficient to note that the court dealt with the amendment to the bill and held that the allegations relative to the payment of $8,100 involved matters occurring since the filing of the bill and could not relate back so as to give the bill equity. The decree specifically stated:

> "This Court does not presume to hold and this decree should not be construed as a holding by this Court, that the bill of complaint as amended, *if filed in a new proceeding seeking a new injunction* would not be sufficient to authorize the relief sought by the Complainants."

The foregoing was equivalent to a dismissal of the bill without prejudice and constituted an invitation to the appellees to file a new bill. Newton v. Kemper, 66 W.Va. 130, 66 S.E. 102. This was immediately done by filing the bill in the instant case.

The position is taken that the appellees were guilty of laches in filing the present bill. The position is taken that a complainant who waits four years after the rendition of a judgment to seek an injunction against its enforcement because of alleged facts occurring several years before is guilty of laches. As a matter of fact, however, the appellees did not wait four years to seek relief in this matter but on the contrary filed their bill in equity in suit No. 46 to enjoin the collection of the judgment in suit No. 407 on August 3, 1956. This was only a short while after the judgment in case No. 407 on May 4, 1956. When the bill in case No. 46 was dismissed the present bill of complaint was immediately filed as we have shown upon invitation of the court, as shown by its decree. There certainly is no laches here.

Nor can it be said that the matters embraced in the present suit are res judicata because they were determined by the decree in equity case No. 46. It is sufficient to say that the defense of res judicata to be available must be raised by plea and cannot be raised by motion or demurrer unless the bill affirmatively shows that the issues have been passed on in another proceeding. Ellison v. Norman, 256 Ala. 610, 56 So.2d 654; Gunter et al. v. Frix et al., 265 Ala. 576, 93 So.2d 423. As we have pointed out the effect of the order or decree in equity suit No. 46 was to dismiss the original bill without prejudice. Accordingly, the matters embraced in the present bill have not been adjudicated.

III. It is argued that a convicted tort-feasor is a wrongdoer and has no standing in court and therefore the present bill is without equity for showing on its face that complainants have not come into court with clean hands. The fact that a judgment for $5,000 has been rendered against the appellees in favor of the appellant in a tort action does not soil the hands of the appellees in this proceeding. The cases of Gobble v. Bradford, 226 Ala. 517, 147 So. 619 and Montgomery v. Wadsworth, 226 Ala. 667, 148 So. 419, cited by appellant in support of his contention have no bearing on this case. Those cases simply hold that there can be no right of contribution between joint tort-feasors. The complainants (appellees) in the present case are not seeking contribution from a joint tort-feasor.

We conclude after careful consideration of the various matters urged by the appellant that the decree of the lower court be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.