280 So.2d 783

**Phyllis MARTIN and Wylam Ice Company et al.**

v.

**John C. KING.**

**Civ. 190.**

Court of Civil Appeals of Alabama.

July 18, 1973.

**524**

G. W. Nicholson, Birmingham, for appellants.

Lorant & Bouloukos and Jack B. McNamee, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from the denial of a motion for new trial and a motion to satisfy judgment filed in the Circuit Court of Jefferson County, Alabama.

Judgment for plaintiff was rendered on jury verdict in a tort action for damages filed by John C. King against Wylam Ice Company, James K. Martin, Agnes Ann Martin and Phyllis Martin. The amount of the verdict and judgment was three thousand dollars ($3,000.00).

The complaint, in two counts, charged that defendants sold intoxicating liquors to plaintiff's minor son and another minor, Steve Armstrong; that as a result of consuming said intoxicating liquors, Armstrong, the driver of a motor vehicle in which plaintiff's son was riding, wrecked the vehicle and injured plaintiff's son. The proximate consequence of the selling of the liquor to the minor Armstrong contrary to law was the injury of plaintiff's son and the damages to plaintiff.

After judgment, defendants filed motion for new trial and conjunctively, a motion to satisfy the judgment. The motion to satisfy the judgment and ground 12 of the motion for new trial are based upon the same allegations. The errors assigned on this appeal are the denial of the motion to satisfy judgment and ground 12 of the motion for new trial.

Defendants alleged in each motion that the plaintiff had filed a prior case in the Circuit Court of Jefferson County, Case Number 30292, against Steve Armstrong, the driver of the car in which plaintiff's son was riding when injured; that Armstrong was a joint tort-feasor with the defendants as the injury and damages claimed against him were the same as those charged in the suit against defendants and arose out of one and the same incident; that plaintiff prior to trial against defendants in Case 31201, had been paid the sum of $5,000.00 on behalf of Steve Armstrong by his insurance carrier and in consideration of such payment, plaintiff executed a pro tanto release of the joint tort-feasor Armstrong, which release was filed in Case No. 30292; that since the jury in the present case had determined plaintiff's damages to be $3,000.00, plaintiff had already been fully compensated for his damages and should not be allowed further recovery from defendant.

A Xerox copy of the release alleged to have been executed and filed in Case No.

30292 was attached as an exhibit to the motion to satisfy the judgment. The motions were heard by the trial court and denied.

Subsequent to the appeal from the denial of the motions, appellants filed a motion before the trial court to complete the record on appeal, stating therein that at the hearing on the motion for new trial and the motion to satisfy the judgment there was introduced as evidence the file of Case No. 30292, and in order to prosecute the appeal such file should be made a part of the record before this court. Such motion to complete the record was denied by the trial court.

Thereafter, but before the transcript of the record was filed in this court, appellants petitioned this court for certiorari to perfect the record below. Such petition averred that Case No. 30292 was a part of the record of the Tenth Judicial Circuit and that such case was argued by the appellants in the hearing on the motions appealed from and that such motions were "based greatly" on the record of Case No. 30292. Nowhere in the petition filed in this court for certiorari to complete the record was it averred that the record of Case No. 30292 had been presented in evidence at the hearing on the motions below.

This court denied the petition for certiorari to complete the record, stating in our order of denial that it did not appear that the record on file of Case No. 30292 had been presented to the trial court as evidence, or as an exhibit at the hearing on the motions below thereby becoming a part of the record to be presented on appeal. No further effort to complete the record on appeal was made by appellants and the case was submitted to this court on brief of appellants and motion to dismiss of appellee on June 19, 1973.

■ Because there is not before this court evidence, either testimonial or documentary, as to the matters upon which error is charged to the trial court there is nothing for this court to consider and the

motion to dismiss the appeal must be granted. King v. Smith, 288 Ala. 215, 259 So.2d 244; Ex parte Sykes, 44 Ala.App. 473, 213 So.2d 413.

■ In an effort to assist the accomplishment of equity we observe that appellants are correct in their argument in brief upon the proposition of law that a plaintiff who has suffered damage resulting from the negligence of joint tort-feasors is entitled to only one satisfaction of such damages. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Wright v. McCord, 205 Ala. 122, 88 So. 150. A person injured by two or more joint tort-feasors may accept partial satisfaction and release one or more pro tanto and continue to proceed against one or more of the others. However, the tort-feasor not so released may plead the release as a bar to that amount paid by the released tort-feasor or may place it in evidence showing payment for the one injury up to the amount shown in the release. Wright v. McCord, supra; McCoy v. Louisville & N. R. R., 146 Ala. 333, 40 So. 106.

In the instant case it appears that appellants did not know of the payment to plaintiff and release pro tanto of a joint tort-feasor during the trial of plaintiff's action against appellants and thus the release was not pleaded as a bar, nor was it introduced in evidence showing payment. Of course, we are assuming here that there was only one injury and that the release was of a joint tort-feasor. Proof of this assumption is not before us as a part of the record.

■ It is further contended by appellants that since the pro tanto settlement by the joint tort-feasor was in an amount greater than the jury subsequently determined the damages of plaintiff to be, there has been full payment for such damages and plaintiff is not entitled to collect again for the same injury from appellants. If shown by competent evidence to be the existing situation, such contention is legally correct. Huey v. Dykes, 203 Ala. 231, 82

So. 481; Williams v. Colquett, 272 Ala. 577, 133 So.2d 364.

It appears, because of technical requirements established by case interpretations of Title 13, § 128 and Title 7, § 568, relief to appellants would not be available in the present case under those statutes. Wallace v. F. W. Cook Brewing Co., 196 Ala. 245, 72 So. 93; Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756. However, if the facts contended by appellants may be shown to be true, the case of Williams v. Colquett, supra, may be considered.

The foregoing comments by the court after determining dismissal of the appeal to be required may be termed by some to amount to voluntary meddling, but it is our determined effort, and our sincere belief that justice should prevail between the parties in every case. If the facts are that plaintiff has received payment from one joint tort-feasor exceeding in amount a judgment obtained against other joint tort-feasors for the same injury he should not be permitted by equity and good conscience further payment. Williams v. Colquett, supra.

Appeal dismissed.

BRADLEY and HOLMES, JJ., concur.