304 So.2d 1

**WYLAM ICE COMPANY et al.**

v.

**John C. KING.**

SC 569.

Supreme Court of Alabama.

Nov. 21, 1974.

G. W. Nicholson, Birmingham, for appellants.

Lorant & Bouloukos, Birmingham, for appellee.

JONES, Justice.

May a judgment debtor invoke equitable jurisdiction to set aside or interfere with a judgment at law valid on its face absent any averments or proof of mistake, inadvertence or fraud? We think the question is self-answering. We agree with the trial Court in denying relief and we affirm.

This case has a somewhat lengthy history. Two prior litigations are indirectly involved. A condensed recital of the facts will here suffice.

John C. King, father of James C. King, a minor, brought two derivative actions (separate suits) for damages resulting

from personal injuries. incurred by his son in a car accident: first, against the driver of the car (Armstrong) in which his son was riding when injured; and second, against Wylam Ice Company, et al, in the nature of a "dram shop" action.

The suit against the driver of the car was settled for $5,000 by means of a pro tanto release, approved by the trial Court, and filed in the case. The only judgment entered therein was one of dismissal. Subsequently, the trial of the "dram shop" suit resulted in a verdict and judgment for $3,000. No reference whatsoever was made in the trial of the Wylam Ice Company case to the pro tanto settlement in the Armstrong case, either by way of pleadings or proof.

Within 30 days following the judgment entry in the Wylam Ice Company case, defendants filed a "Motion to Have Judgment Marked Satisfied" and a "Motion for New Trial," wherein a factual account of the pro tanto settlement in the Armstrong case is averred, grounding their prayer for relief on the contention that King had already been paid in full for his damages. The trial Court's order denying these motions was assigned as error on appeal. The Court of Civil Appeals, in dismissing the appeal Martin v. King, 50 Ala.App. 523, 280 So.2d 783 (1973), concluded:

"In the instant case it appears that appellants did not know of the payment to plaintiff and release pro tanto of a joint tort-feasor during the trial of plaintiff's action against appellants and thus the release was not pleaded as a bar, nor was it introduced in evidence showing payment. Of course, we are assuming here that there was only one injury and that the release was of a joint tort-feasor. Proof of this assumption is not before us as a part of the record.

"It is further contended by appellants that since the pro tanto settlement by the joint tort-feasor was in an amount greater than the jury subsequently determined the damages of plaintiff to be, there has been full payment for such damages and plaintiff is not entitled to collect again for the same injury from appellants. If shown by competent evidence to be the existing situation, such contention is legally correct. Huey v. Dykes, 203 Ala. 231, 82 So. ·481; Williams v. Colquett, 272 Ala. 577, 133 So.2d 364.

"It appears, because of technical requirements established by case interpretations of Title 13, § 128 and Title 7, § 568, relief to appellants would not be available in the present case under those statutes. Wallace v. F. W. Cook Brewing Co., 196 Ala. 245, 72 So. 93; Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756. However, if the facts contended by appellants may be shown to be true, the case of Williams v. Colquett, supra, may be considered.

"The foregoing comments by the court after determining dismissal of the appeal to be required may be termed by some to amount to voluntary meddling, but it is our determined effort, and our sincere belief that justice should prevail between the parties in every case. If the facts are that plaintiff has received payment from one joint tort-feasor exceeding in amount a judgment obtained against other joint tort-feasors for the same injury he should not be permitted by equity and good conscience further payment. Williams v. Colquett, supra."

Unquestionably, it was the above-quoted language, particularly the last sentence, that sparked this bill in equity seeking to enjoin the execution of the judgment. It is significant at this point to note that the trial Court's adverse ruling, which is the subject of this appeal, was based on averments and proof identical to the averments in the motion for a new trial in the Wylam Ice Company case (the subject of the appeal in Martin v. King, supra). In other words, there is neither averment nor proof that the defendants in the former action were prevented from pleading or proving the pro tanto settlement by King with another joint tort-feasor through accident, mistake, inadvertence, fraud, or lack of knowledge of such settlement.

Appellants' contention is grounded on a literal reading of the last sentence in *Martin*:

"If the facts are that plaintiff has received payment from one joint tort-feasor exceeding in amount a judgment obtained against other joint tort-feasors for the same injury he should not be permitted by equity and good conscience further payment."

Taken literally, this language suggests that the defendants in the Wylam Ice Company case, although aware of the pro tanto settlement, need not plead or prove the release in the trial of that case in order to set off the amount paid thereunder against any verdict that might be rendered against them. According to this interpretation, the defendants would be liable only for that portion of the verdict, if any, that exceeded the pro tanto settlement; and since the $3,000 verdict here rendered is less than the $5,000 former settlement, defendants owe nothing.

Such an interpretation is equivalent to saying that Alabama does not recognize pro tanto releases, and we think this results from a reading of this sentence out of context. A careful reading of the full context of the opinion reveals that in each of the two preceding paragraphs the Court's comments (admittedly dictum) on the complainants' right to relief is conditioned on, "If shown by competent evidence . . .", and ". . . if the facts . . . may be shown to be true . . .". This portion of the Court of Civil Appeals' opinion must be interpreted in light of well-developed law as set out in the cited cases of Huey v. Dykes, 203 Ala. 231, 82 So. 481 and Williams v. Colquett, 272 Ala.

577, 133 So.2d 364, which may be summarized:

An injured party may obtain but one satisfaction against joint tort-feasors for a single injury; and, where the settlement is not by judgment and satisfaction thereof, one joint tort-feasor may invoke equity jurisdiction to force disclosure of any settlement arrangement with other joint tort-feasors, or impose sanctions for nondisclosure.

These two principles[1] allow the injured party the option to settle with one pro tanto and proceed to collection of the full amount recovered[2] against the other on the one hand, while permitting the defendant proceeded against a plead and/or prove amount of settlement as set off against damages otherwise recoverable on the other.[3] This entitlement to set off the pro tanto settlement as a defense must be interposed at the first opportunity, i. e., during the trial; and any subsequent attempt to collaterally attack the judgment at law regular on its face in the absence of grounds upon which equitable relief can be predicated comes too late.

This rule was settled as early as 1848 in Stinnett v. Branch Bank, 9 Ala. 120:

"To entitle a party to relief against a judgment at law, it is not sufficient to show that the judgment is inequitable—but the party must show, that he has used reasonable diligence to make his defence before the proper forum."

We hold that the appellants not having raised the defense in the trial of the case which resulted in a judgment against them may not now move to equity

---

1. The paragraph in *Martin* immediately preceding those paragraphs quoted herein contains an accurate summary of the Alabama cases from which these principles emanate.

2. It should be remembered that upon proof of the pro tanto settlement and proper instruction by the trial Court, the jury's verdict, if in favor of the plaintiff, reflects the amount

of damages assessed against *this* defendant —the computation with respect to any prior settlement having already been made by the jury. See Alabama Pattern Jury Instructions —Civil, 11.30.

3. See also Tit. 7, § 381, Code of Alabama 1940 (Recomp.1958), and Battle v. Morris, 265 Ala. 581, 93 So.2d 428 (1957).

to correct an oversight or misapprehension of the law.

Affirmed.

HEFLIN, C. J., and BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs specially.

COLEMAN, Justice (concurring specially):

I concur in the affirmance of the judgment appealed from for the reason that the judgment rendered in Case No. 31201 (appeal dismissed by the Court of Civil Appeals, Martin v. King, 50 Ala.App. 523, 280 So.2d 783), determined the same issues which are presented in the instant proceeding; and, therefore, the prior judgment is res judicata and a bar to the instant proceeding.