Is a joint tort-feasor entitled to post-judgment relief for pro tanto settlement and release entered by the other joint tort-feasor despite the fact that he was unable to plead and prove the pro tanto settlement at trial because the terms of the release were not then final? We hold that he is; therefore, we reverse and remand.
The facts are relatively simple. Thomas J. Freeman and Foremost Insurance Company filed suit against Wayne Hardman d/b/a Junction Mobile Homes (the appellant) and Winston Industries, Inc., for damages incurred when a mobile home, which was made by Winston Industries and sold by Hardman, burned to the ground. The complaint alleged that Winston Industries negligently manufactured the mobile home and that Hardman failed to inspect it. The day before the trial, Winston Industries was released from trial. In response to this release, Hardman made a motion for a continuance which was denied.
At the trial Hardman offered to prove the out-of-court settlement and pro tanto release, and Freeman and Foremost opposed this offer on the ground that no release had been finalized since the payment had not been made at that time. The trial Judge denied Hardman's offer of proof citing Wylam IceCompany v. King, 293 Ala. 359, 304 So.2d 1 (1974). The trial ended on August 11, 1975, and resulted in a $11,497 verdict against Hardman. On September 12, 1975, Freeman and Foremost released Winston Industries from liability in return for an acknowledged payment of $9,500. Hardman filed a motion for a new trial and a motion to remit the judgment to $1,997, the difference between the judgment against him and the payment by Winston Industries. Both of these motions were denied.
The issue on appeal is whether Hardman is precluded from post-judgment relief because he was unable to prove the pro tanto release and settlement at his trial. The policy in favor of the pro tanto satisfaction for joint tort-feasors[1] is well established in Alabama law upon the theory that the right of action against joint tort-feasors is one and indivisible.Steenhuis v. Holland, 217 Ala. 105, 115 So. 2 (1927). However, difficulty with application of this rule arises when the joint tort-feasor who is put to trial does not raise the defense of pro tanto satisfaction until after judgment is entered against him. In such a situation, the defendant who is put to trial is not entitled to post-judgment relief if he did not raise the defense of pro tanto settlement at his first opportunity. WylamIce Company v. King, supra.
In the Wylam Ice case, the release and pro tanto settlement of Wylam's joint tort-feasor were entered prior to Wylam's trial. Wylam's bill to enjoin enforcement of the judgment against it was denied because it did not plead or attempt to prove at its trial the release and pro tanto settlement of its joint tort-feasor.
The plaintiffs in the instant case, Freeman and Foremost, argue that Wylam Ice is authority for denying post-judgment relief to Hardman. We disagree. The requirement set out inWylam Ice is that the defendant prove pro tanto settlement at his first opportunity. The first opportunity for Wylam Ice Company to prove the settlement was at trial because the settlement had been entered before trial. In the instant case, however, the settlement was not entered until a month after a jury verdict had been returned against Hardman. Hardman made reasonable attempts to prove that negotiations were underway for settlement at the trial but was opposed in his offer of proof by the plaintiffs and his proffer was denied by the trial Court.
The plaintiffs also argue that Hardman did not comply with ARCP 8, which requires specific pleading of special defenses *Page 327 
such as set off. Again, Hardman had no opportunity for such a pleading because Winston Industries was not released until the day before trial, the terms of the settlement, though requested, were not disclosed, and Hardman's motion for a continuance was denied.
The authority for granting Hardman post-judgment relief for a settlement after trial by his joint tort-feasor is Williams v.Colquett, 272 Ala. 577, 133 So.2d 364 (1961). In Williams, a release and settlement by the defendant's joint tort-feasor did not mature as a fixed obligation until after entry of judgment against the defendant. This Court held that the defendant was entitled to post-judgment relief on these facts because it was not possible for him to plead or prove the pro tanto settlement at his trial despite his "diligent effort to discover such defense."
There is a broad distinction between the instant case andWylam Ice. In Wylam Ice, the defendant, with full knowledge of the settlement agreement between the plaintiff and the joint tort-feasor, elected not to submit proof of the pro tanto settlement. Having so elected, the defendant could not subsequently obtain post-judgment relief by way of set off of the pro tanto settlement against the plaintiff's verdict.
Here, the settlement was not final until after trial and Hardman, although making "diligent effort" to do so, was prevented from proving the terms of the settlement agreement.
Under these facts, Hardman is entitled to set off the $9,500 settlement against the $11,497 verdict. The judgment of the trial Court is reversed and the cause is remanded for an order remitting the judgment against Hardman to $1,997.
REVERSED AND REMANDED.
HEFLIN, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] This is also commonly referred to as "a covenant not to sue."