Plaintiff, David Miller, Jr., sought damages from George Dacovich, Sr., allegedly caused by Dacovich's negligent operation of a motor vehicle. The jury found for Dacovich.
The accident involved three cars. Miller apparently came to a stop in an effort to avoid a rear-end collision with an unidentified vehicle attempting to make a lefthand turn on a busy Mobile street. Immediately thereafter, Dacovich collided with the rear end of the Miller automobile. The evidence is conflicting whether Dacovich actually came to a standstill, but Dacovich testified that one James Michael Smith hit the rear of his vehicle, forcing him into Miller's automobile. All three vehicles were traveling in the same direction. Smith testified that he was unable to stop in time to avoid the collision.
Prior to trial, Smith and Miller entered into a pro tanto settlement whereby Smith paid Miller $15,000. Miller filed a Motion in Limine to prevent Dacovich from pleading and proving the pro tanto settlement reached with Smith. The motion was denied.
Miller claims reversible error was committed in four instances.
 I
Miller says the trial court erred when it excluded testimony about his inability to support himself and his family financially after the accident, thus forcing him to borrow money and seek food stamps. Miller contends this evidence was admissible to show mental anguish. We hold that the trial court did not commit error in refusing to admit this evidence. While there is authority for admitting such evidence (Annotation 15 A.L.R.3d 506), the law in Alabama is that the financial condition of the parties is never material unless directly involved in the determination of compensable damages. Barnes v.Sand Mountain Electric Co-op, 40 Ala. App. 88, 108 So.2d 378, cert. denied 268 Ala. 698, 108 So.2d 382 (1958). See also, Gamble, McElroy's Alabama Evidence, § 21.01 (6) (3rd Ed. 1977).
 II
Miller claims the trial court also erred in allowing Dacovich to allude to the pro tanto settlement reached by Miller and Smith and also erred by instructing the jury about the settlement. Miller argues that the plaintiff should be allowed to elect whether evidence of a pro tanto release can be injected into a trial. We disagree. This Court recently addressed the issue of a pro tanto settlement with a joint tort-feasor in Hardman v. Freeman, 337 So.2d 325 (1976), andWylam Ice Cream Company v. King, 293 Ala. 359, 304 So.2d 1
(1974). These cases point out that a defendant can waive his right to a set-off of the amount of a pro tanto settlement reached by the plaintiff and joint tort-feasors unless the settlement is specifically raised as a defense at trial. Consequently, if a joint tort-feasor is put to trial and does not raise the defense of pro tanto satisfaction until after judgment is entered against him, the joint tort-feasor who is put to trial is not entitled to a post-judgment relief if he did not raise the defense of pro tanto settlement at his first opportunity.
 III
At the close of the evidence, the trial judge gave numerous instructions to the jury. The jury was then allowed to retire. At this point, both parties informed the court that no opportunity was given to interpose objections to the charges given by the court or to those submitted by parties which were marked as either given or refused. Miller now asserts that certain charges given were erroneous as being abstract and that the court erred in its refusal to give certain charges submitted by Miller.
Rule 51, A.R.C.P., provides, in part that *Page 1111 
 ". . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed . . . Opportunity shall be given to make the objection out of the hearing of the jury. . . ."
The mandates of Rule 51 are clear, but federal courts [Tyrillv. Alcoa Steamship Co., 185 F. Supp. 822 (D.C.N.Y. 1960)] and this Court [Beloit v. Harrell, 339 So.2d 992, 997 (Ala. 1976)] have made exceptions. In Beloit, supra, this Court noted:
 "Although we do not approve of the court's refusal to allow counsel to state their objections before the jury retired for deliberation, we believe no prejudicial error was committed unless the given instructions were themselves erroneous; and our careful review of all challenged portions of the charge discloses no erroneous jury instructions."
We point out again that we do not approve the trial court's refusal to allow counsel to state their objections before the jury retired for deliberation, but as this Court found inBeloit, we do not believe that the given instructions were themselves erroneous and therefore, we do not find there was prejudicial error in refusing to permit counsel to state objections.
 IV
The trial judge instructed the jury as to contributory negligence and as to the doctrine of "sudden emergency." Miller asserts that the giving of these charges was erroneous.
Initially, Dacovich had specifically plead the defense of contributory negligence. Dacovich, during the trial, attempted to show that the cause of the accident was Miller's negligence in following the unidentified car too closely and stopping or suddenly decreasing the speed of his car. In any event, the evidence is conflicting whether Dacovich struck the Miller vehicle or was pushed into it by the Smith vehicle. Although there are situations where it would be prejudicial error to instruct a jury as to "sudden emergency" and negligence action, we find that the evidence here is sufficient to create a jury question, and the giving of the charge was not error. Gleichertv. Stephens, 291 Ala. 347, 280 So.2d 776 (1973).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.