## Coca Cola Bottling Co. of Shelbyville v. Creech.

(Decided Oct. 21, 1932.)

POLK SOUTH, Jr., and EUGENE R. ATTKISSON for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant seeks to reverse a judgment for $500 ob-

tained against it by Ella Reid Creech. This is a case like Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S. W. (2d) 701.

Dow Guy is a merchant, his store is just outside the city of Frankfort, he keeps Coca-Cola for sale, he buys this from the appellant and had purchased one lot on January 2, 1931, and another lot on January 9th. This he placed in his ice box to have it in readiness for sale.

The plaintiff, Ella Reid Creech, lives about a quarter of a mile from this store and about 6 p. m. on the date last named sent her sister Tillie to this store to get her two bottles of Coca-Cola. She got them and handed one to the plaintiff. The room was dark. Plaintiff opened the bottle and drank it. She became very sick and began to vomit. A light was turned on and she discovered a partially decomposed mouse in the bottle. Dr. Darnell was called and pumped and washed out her stomach. Later she called her regular physician Dr. Knoppe and he was still treating her on April 28, 1931, when this case was tried. He says in his testimony: "I found her very sick and in a terrible paroxysm of nausea. I can't say just how long she vomited, but she vomited off and on for over a week; had to have sedatives every day to keep her down. It happened on the 9th of January. This is late in April. Her abdomen still swells and she still has a great deal of trouble, she is continuing to lose weight. I think she has lost something like thirty-one or thirty-two pounds."

He was asked if her injury was permanent and he said: "I can't say absolutely as to that because that is hard to say. I just don't know. I hate to say that it will be permanent, and I hate to say that it won't be, for I can't tell."

The evidence for appellant disclosed a practice of most scrupulous care in the bottling of its products, so that it would seem it would be impossible for this mouse to have been in this bottle at the close of that process. All plaintiff can show in response to this is to trace this bottle from the time it left appellant's hands until it came to her, and then point to the mouse which she discovered after she drank it. Appellant, after proving caps could be taken off of these bottles, that it frequently got its bottles back with the caps replaced on them and that there were hand cappers on

the market, then sought to introduce this, but was not allowed to do so. "It is a common occurrence for coca cola bottles to be filled with substitutes for coca cola and the caps to be taken off and replaced by hand."

The exclusion of this was not error, it would have told the jury nothing that the jury did not know was possible from the evidence it had already heard. The court gave two instructions on the measure of damages, one to be applicable if the jury found the plaintiff's injuries were permanent, the other to apply if the jury found her injuries were not permanent. The other instructions given had been offered by appellant. It urges it was reversible error to instruct on permanent injury in view of Dr. Knoppe's evidence.

We are expressing no opinion upon the question of the sufficiency of the evidence of permanent injury to authorize a submission of that question to the jury because, in order for an instruction to be prejudicially erroneous, the finding of the jury must give some reflection of that instruction and this verdict does not. In the case of L. & N. R. Co. v. Bowman, 208 Ky. 39, 270 S. W. 471, the verdict of the jury was for $1,500 which we said was not more than reasonable for the injuries sustained without regard to permanency. That opinion is of controlling applicability to this case.

The judgment is affirmed.