## BOWLING v. RATLIFF.

Court of Appeals of Kentucky.

Dec. 19, 1952.

Kenneth A. Howe, Pikeville, for appellant.

Francis M. Burke, F. Dale Burke and Henry D. Stratton, Pikeville, for appellee.

CAMMACK, Chief Justice.

Vernon Bowling and Robert Ratliff entered into a verbal contract under which Ratliff purchased Bowling's truck for $900. After Ratliff had repaired the truck and used it in hauling coal for a few months, Bowling got possession of it through an irregular proceeding in a magistrate's court. Ratliff then instituted this action to recover $1450 from Bowling, representing the value of the truck. He obtained a $900 judgment from which Bowling is appealing.

The parties agree that Ratliff was to take Bowling's truck, repair it and pay him $900 from the coal hauling earnings. They disagree as to whether the agreement was entered into in April 1948 or June of that year, Bowling contending for the earlier date. They disagree also as to whether the $900 was to be paid from one-half the earnings of the Bowling truck or from the combined earnings of that truck and another coal truck owned by Ratliff.

There is disagreement also as to the extent of the repairs made by Ratliff, the amount he earned hauling coal and the value of the truck at the time Bowling got it back. Ratliff accounted to Bowling for only $50, saying that this was one-half the amount he had earned with the truck. Ratliff listed the tires and parts used by him in placing the truck in running order at $1224. That amount did not include the cost of labor.

The court instructed the jury that the parties had entered into a verbal contract for the sale of the truck for $900. He instructed the jury also to find for Ratliff for the tires and parts placed on the truck, "together with the cost of labor," in a sum not to exceed $1306. Bowling claims that this part of Instruction No. 1 was prejudicially erroneous because Ratliff only listed $1224 for the items placed on the truck, including tires, and exclusive of the cost of labor. On the other hand, Ratliff contends that, even though the Instruction did refer to the cost of labor and included the total of $1306 for parts, Bowling was not prejudiced because the jury only found for him in the amount of $900.

Bowling contends also that he was entitled to repossess the truck because of the default in payment, and that under the law of accession the title to ordinary repairs and parts would pass with the principal property upon foreclosure or repossession. He contends further that Ratliff's testimony as to the value of the repairs made on the truck was incompetent, and that the court applied the wrong measure of value in his instruction.

The case is sufficiently involved without our attempting to answer all the technical arguments raised by counsel for Bowling. We think the court's approach to the issues was proper, though, as we have indicated, the instruction did contain harmless errors. Likewise, we believe that the proof offered by Ratliff was competent. In a case such as the one before us, it would be difficult to conceive of a better way to present the evidence concerning the enhanced value of the truck than was done.

There was conflicting proof as to whether the contract was entered into in April or in June. Also there was conflicting proof as to whether Bowling was to receive one-half the earnings from one or two trucks. Both of these questions were submitted to the jury. By its finding the jury accepted the version of the transaction given by Ratliff rather than that of Bowling.

Judgment affirmed.