Nathaniel CAULDER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1960.

J. E. Johnson, III, and Kent P. Hollingsworth, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., and Troy D. Savage, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant defendant was convicted of assault with a deadly weapon with intent to rob, and was sentenced to 21 years in the penitentiary.

The prosecuting witness could not identify the defendant and the Commonwealth sought to do so by introducing one Norma Jean Brown, who apparently had been present when the crime was committed. She was non-cooperative and attempted to absolve defendant of blame. The Common-

wealth thereupon cross-examined her and introduced a contradictory written statement she had made. No complaint is made of this method of impeaching the witness.

Defendant's attorney brought out from Miss Brown that her statement was just like a written statement made by one Matthews at the same time. Her testimony indicated that she did not in her statement give an independent version of what occurred. The Commonwealth, ostensibly to further contradict the witness, thereupon introduced in its entirety the statement made by Matthews (which incriminated defendant). Matthews did not testify.

Defendant contends the introduction of this statement in evidence over his objection was highly improper and prejudicial because it was hearsay, concerned a collateral and immaterial matter (i. e., similarity of the statements), and must have been considered by the jury as substantive evidence of guilt.

 Under CR 43.07 a witness may be impeached by showing he made prior contradictory statements or by contradictory evidence. Obviously the writing signed by Matthews is not a contradictory statement *of the witness* and was not admissible on that ground. The Commonwealth takes the position that the written document constituted proper contradictory evidence even though its content was hearsay. We find it unnecessary to draw the fine line between the competency of the writing as a physical fact and the incompetency of its content.

 Assuming the statement could be competent under certain circumstances as contradictory evidence, it is not admissible for that purpose unless pertaining to a *material matter*. In Commonwealth v. Jackson, Ky., 281 S.W.2d 891, we discussed at length the methods of impeaching a witness in a criminal case, and pointed out that interrogation of the witness and contradictory evidence for impeachment purposes must be so confined. (For example, if a witness testified he was born in 1897,

**646**

it would not be permissible to introduce contradictory proof that he was born in 1898, assuming the suit did not involve his birth date.) Here the Commonwealth was trying to show that the witness' statement and Matthews' statement were not identical. It could be said the similarity of the two statements was a collateral issue of no significant relevancy to these proceedings.

■ The Commonwealth insists the matter could be gone into because defendant's counsel first raised the question of the similarity of the statements. This in itself would not create a material issue if none actually existed. In Winn v. Commonwealth, Ky., 303 S.W.2d 275, relied upon by the Commonwealth, there was involved what a third party had told the witness about a material matter relevant to the trial. The evidence here offered was of an entirely different character. (It was proper for the Commonwealth, in view of the questioning by defendant's counsel, to interrogate Miss Brown concerning what Matthews orally stated to her, but his written statement was wholly beyond the scope of this inquiry.)

■ Even if we assumed the statement of Matthews constituted competent evidence for the purpose of impeachment, there is one more hurdle we cannot surmount. This statement contained substantial and damaging proof of defendant's guilt: It was clearly inadmissible as substantive evidence. (Not only was it hearsay, but the defendant has the right under the Constitution to confront the witnesses against him.) Even with an admonition (not given in this case) the highly prejudicial effect of this statement could hardly be removed from the minds of the jury. It is an accepted rule that where the value of evidence for a legitimate purpose is slight and the jury's probable misuse of that evidence for an incompetent purpose is great, the evidence may be properly excluded altogether. McCormack on Evidence (1954), Section 59, page 136; Shepard v. United States, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196.

In Kennedy v. Commonwealth, 77 Ky. 340, an attempt was made to impeach a witness in a criminal case by showing that he had expressed an opinion that an "awful murder" had been committed by the defendant. The Court pointed out that the Commonwealth could not have proved that opinion as a substantive fact and concluded that it could not bring into the case, by the roundabout method of contradiction, this "illegal and injurious evidence."

We have the identical situation here. The impeaching value of the lack of similarity of the two statements is slight (if it has any value at all) but the damaging effect of the content of Matthews' statement is obviously great. The incompetency of its substance far outweighs its possible competency as a contradictory form.

In our opinion the trial court erroneously admitted this statement in evidence and it was clearly prejudicial.

The judgment is reversed.