C. C. GRAY, Appellant,

v.

Daniel C. MATTINGLY and Betty J. Mattingly, Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1966.

W. Scott Miller, Jr., Louisville, for appellant.

Chester A. Vittitow, Jr., Louisville, for appellees.

DAVIS, Commissioner.

The appellees obtained verdict and judgment for $2,500 in this action against appellant for alleged defective performance of a residence building contract. Appellant, the builder, assigns four bases in this effort to reverse the judgment: (1) an erroneous instruction was given; (2) incompetent evidence was admitted; (3) the court erred in admonishing the jury incident to a view of the premises, and (4) the court made comment discrediting a witness for appellant.

The appellees prayed recovery of $4,000 in the complaint, based upon their assertion that appellee had failed to construct a

residence in a workman-like manner in violation of a written contract. They presented testimony tending to show ten instances wherein the building failed to come up to contract specifications. Appellant offered evidence to the contrary.

■ Appellant's first point is premised on the amount of damages set out as permissible by the court's instruction. The instruction informed the jury that it might award appellees damages representing the difference, if any, between the fair and reasonable value of the house, as completed, and such value had the house been built according to the contract. The limit of recovery was put at $4,000. Appellant insists that the instruction should have limited the permissible recovery to $2,500, the highest amount warranted by the evidence in behalf of appellees. Appellant has not favored us with citation of any authority on this point. However, we note that the question is not a novel one. In view of the fact that the verdict did not exceed the amount justified by the evidence, we conclude that no prejudicial error occurred when the court authorized recovery up to $4,000. See River Queen Coal Co. v. Mencer, Ky., 379 S.W.2d 461; Price v. Price, Ky., 376 S.W.2d 522; Herald v. Gross, Ky., 343 S.W.2d 831; Greyhound Corp. v. Dowling, Ky., 334 S.W.2d 259; Hedges v. Neace, Ky., 307 S.W.2d 564; Bowling v. Ratliff, Ky., 253 S.W.2d 621; Combs v. Stewart, 301 Ky. 50, 190 S.W.2d 861; Coca Cola Bottling Co. of Shelbyville v. Creech, 245 Ky. 414, 53 S.W.2d 745; 5A C.J.S. Appeal and Error § 1773(1).

The appellant complains of testimony presented by appellees' witness Sutherland, a building contractor. Witness Sutherland detailed instances of improper construction, and gave estimates as to what expense would be required in correcting these matters. In summary, he said that in his opinion an outlay of $6,000 to $6,500 would be required for the purpose. (No objection to this was interposed for appellant). On cross-examination appellant propounded questions to which the witness made answers as appear of record:

Q41. Well, sir assuming it was in the shape you say it should be, what would the house be worth then?

A. Well, I'm not a real estate man. I don't know what it would be worth.

Q42. Well, if it has been testified the house cost $13,850.00 and you're saying it's worth only $7,000.00 some odd dollars?

A. I was asked how much it would cost to put it in the shape it should be in as a new house.

Q43. You couldn't testify as to what it would be worth on the fair market value today, could you sir?

A. No.

■ When these answers had been heard, appellant moved to strike the evidence of witness Sutherland on the ground that it was not related to market value. The court correctly overruled that motion. As recently as State Property & Buildings Commission of Dept. of Finance v. H. W. Miller Construction Co., Ky., 385 S.W.2d 211 (1964), we said, in discussing the measure of damages in this type case:

"In simple terms, the measure of damages is the amount that is reasonably necessary in order to make the building conform to the requirements of the contract, but in no event to exceed the difference, if any, between its market value as it should have been constructed and its market value as it was actually constructed." Id., 385 S.W.2d 214.

Tested by that rule, the evidence of witness Sutherland was appropriate. It will be recalled that the court did limit the possible recovery to a sum equal to the difference in market value as built and as contracted to be built.

The third assignment of error relates to the admonition given by the trial judge to the jury prior to its viewing the premises. The impact of the argument is that the judge virtually told the jury that the complained of defects did exist, as opposed to the idea that the appellees *claimed* they existed and appellant denied it. We conclude that the assignment of error is not well taken. It is observed that the judge opened the admonition by telling the jury that it was to view the premises "* * * for the purpose of seeing the property and viewing the defects complained of in this action about which you have heard evidence." In another phase of the admonition the court told the jury to view the property "* * * and view the brick work, septic tank problem, concrete stucco around the house, the shimming of the floor joists, leakage around the pipe in the basement septic tank, subflooring, and any other matters about which you have heard evidence. You are not to consider anything other than what you've heard evidence in regard to from that witness chair." At the conclusion of the brief admonition the court queried: "Does counsel suggest anything further?" No response or objection was heard.

We think that a fair reading of the admonition precludes the idea that the trial judge told the jury that the complained of defects did exist. It would have been more desirable for the court to have refrained from listing the items about which evidence had been presented, but in the absence of objection at the time, and in light of the tenor of the entire admonition, we are convinced that no prejudicial error occurred in this respect.

The last attack on the judgment relates to a colloquy which occurred during the testimony of appellant's witness Gailor. Counsel for appellee sought on cross-examination to have witness Gailor state whether buyers would pay full price if the residence had the complained of defects—but the witness repeatedly responded that he could not so assume because he knew the defects did not exist. At one point the trial judge apparently thought the witness had said he did not "think" he would answer, at which the judge commented: "I know whether you will answer it or not if you don't think you will." The witness replied that he had misunderstood, and had thought the court had told him to answer, and that he had answered. The court then told the witness that he had not so ruled, and asked him whether he would answer—to which the witness replied: "Yes, sir. No, I don't think they will." When further questioning along that line was attempted, the judge said: "He has answered that. He says it would not be worth it." We can perceive no prejudicial error in this. The misunderstanding between the judge and the witness was promptly clarified without disparagement of the witness; the witness did say that he believed buyers would pay less if the defects existed. We conclude that the contention is without merit.

The judgment is affirmed.