**BAKER POOL COMPANY, Inc., Appellant,**

**v.**

**Duane H. BENNETT, d/b/a Highlanders Club and Fairanna H. Creech, Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1967.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, for appellant.

William R. Forester and James S. Greene, Jr., Greene & Forester, Harlan, for appellees.

STEINFELD, Judge.

This is a suit for damages in which it is claimed that a swimming pool was not

built according to a contract, but on the contrary "in so unskilled and negligent a manner that shortly after its completion the walls and floors cracked and became leaky so as to render said pool entirely useless, * * *". From a jury verdict in the amount of $7,033.00 defendant has appealed.

On June 9, 1964, Baker Pool Company, Inc. (to whom we will refer as Company) entered into a written contract with Duane H. Bennett d/b/a Highlanders Club and Fairanna H. Creech to construct a swimming pool for $8,833.00, however, it was provided that Bennett do his own, or pay for, the necessary excavation. The agreed starting date was June 9, 1964. It contained a warranty that the work would "be free from defects in material and workmanship for a period of one year from the date of" a Certificate of Completion, and it further provided that "if any such defect should appear within such time," Company would "remedy same without cost to the Owner, provided said Owner has complied in full with the terms of payment and other conditions of * * *" the contract. The contract which was prepared by the Company contained no provision that the Owner was required to give Company the opportunity to repair or that the obligation of the Company to repair was exclusive. The Owner had the right to claim damages. 13 Am.Jur.2d 103 section 109.

The work was completed promptly and the pool put to use. On September 24, 1964, Bennett notified Company that several cracks had appeared in the bottom of the pool. The President of the Company testified that representatives of his Company made attempts to examine the pool to determine whether or not there were structural defects but that Bennett refused to permit Company's employees to take a core sample. He also stated that they made requests of Bennett for permission to inspect the pool and make other tests but they were refused. On November 5, 1964, this suit was filed. The defects were admitted, but Company relied upon the provisions of the contract contained in the warranty, and it claimed that it had no real reasonable opportunity to correct the defects. Plaintiffs claimed that there was ample opportunity to remedy the defects but that Company ignored the requests. Among other things the President of the Company testified that the pool could have been repaired, and that it would have taken about three days to make the necessary repairs.

The President and a Vice-President of Company were asked on cross-examination whether or not they had failed for a period of approximately one year to replace a defective valve in a pool which Company had built for one Metcalf. Objection was made to this line of interrogation, which objection was improperly overruled. Both witnesses admitted the Company's failure to replace the valve but claimed that it had been ordered and would be replaced. This testimony was not relevant to the issues being tried. The admission of this evidence was prejudicial to Company.

Metcalf was permitted to testify in rebuttal that he had been trying for approximately one year to get Company to replace a defective valve but that he had been unsuccessful. Appellant insists that witness, Metcalf, should not have been permitted to testify for the purpose of impeaching the testimony of the President and Vice-President of Company because the Metcalf problem was a collateral matter and unrelated to the alleged wrongful act in issue.

Obviously the trouble, if any, between the witness, Metcalf, and Company, had nothing whatsoever to do with any defects in either materials or workmanship used in the construction of appellees' pool, and was strictly a collateral matter. Section 784 of 58 Am.Jur.Witnesses, states in part:

"But it is firmly established that the answer of a witness on cross-examination as to a merely collateral matter is

binding on the cross-examiner, and may not be contradicted. The principal reasons of the rule are, undoubtedly, that but for its enforcement the issues in a cause would be multiplied indefinitely, the real merits of the controversy would be lost sight of in the mass testimony to immaterial points, the minds of the jurors would thus be perplexed and confused, * * *"

■ The law in Kentucky seems to be well established that a witness cannot be cross-examined and then contradicted as to a collateral matter. In Fry v. Commonwealth, 259 Ky. 337, 82 S.W.2d 431, it was stated by this Court as follows: "* * * nor is it proper to cross-examine him as to any fact which is collateral and irrelevant to the issue merely for the purpose of discrediting his testimony in case he denies the fact." Also in Caulder v. Commonwealth of Ky., Ky., 339 S.W.2d 644, it was stated thusly, "It is an accepted rule that where the value of evidence for a legitimate purpose is slight and the jury's probable misuse of that evidence is great, the evidence may be excluded altogether."

We conclude that this case is clearly within the meaning of the law above stated, and that the evidence of the witness, Metcalf, should have been excluded. We believe that it was prejudicial, particularly in view of the jury's verdict.

The second point on which appellant relies is that the instructions were erroneous. Since this case is reversed, we think it appropriate that we discuss the instructions which should be given on another trial if the evidence is substantially the same as before.

■ In the case at bar there is the issue and conflicting testimony as to whether or not the pool could be repaired. If it could reasonably have been repaired, then the measure of damage is different from the measure if the jury determines that it cannot be repaired. The law in this situation was fully discussed in State Property & Buildings Commission, etc. v. H. W. Miller Construction Company, Inc., Ky., 385 S.W.2d 211, wherein we pointed out that if the structure can reasonably be repaired "the real measure of damages for defective performance of a construction contract is the cost of remedying the defect, so long as it is reasonable". We then pointed out that if the structure cannot be repaired, or if the expense of repair is unreasonable, the test is the difference between market value of the building as it should have been constructed and the market value as it actually was constructed. Also see Gray v. Mattingly, Ky., 399 S.W.2d 301.

■ The defendant offered instructions in conformity with this theory, but they were refused. The case was submitted to the jury on an instruction which permitted the jury to find for the plaintiff if the pool was not built "in a good and workmanlike manner, free of defects" and authorized the jury, if it believed that the pool was not repairable, to award the difference in value of the pool as constructed and as it should have been constructed according to the contract. The jury was not told that if it believed that the pool could be repaired at a reasonable expense it should award the cost reasonably necessary to make said repairs.

There is no evidence in this case that the repairs, if any are made, would enhance the value of the pool beyond what it would have been worth had it conformed to the contract, therefore, on another trial, if the evidence is substantially the same as in the trial held in the lower court, the instructions shall be substantially as follows:

1. If the jury find from the evidence that the defects in the pool, concerning which you have heard evidence, were defects which could have reasonably been repaired, you shall find for the plaintiff the reasonable expense of making such repairs, not exceeding —————— dollars.

2. However, if the jury believe from the evidence that the defects in the pool, con-

cerning which you have heard evidence, could not have reasonably been repaired, then you shall find for the plaintiff such sum as you believe from the evidence is the difference, if any, between the market value of the pool as it should have been constructed under the contract and its market value as it actually was constructed, not exceeding ———— dollars.

3. The damages are to be estimated as of the date of the completion of said pool.

The judgment is reversed for proceedings consistent with this opinion.