WRIGHT, Presiding Judge.
Defendant appeals from a verdict and judgment in favor of plaintiff for $8,000.-00. Reversed.
*734 Defendant is Dean of the School of Architecture at Auburn University and a licensed architect.
Plaintiff is a physician practicing in Dadeville, Alabama. In June, 1971, he contacted defendant about designing a house. After preliminary discussion concerning the proposed structure a formal agreement for defendant’s services was executed on June 14, 1971. Plans and specifications were prepared and approved. Invitations for bids were sent out to contractors in the area. Only one contractor submitted a bid. The bid was accepted by plaintiff and a contract for construction of the home was let on October 28, 1971.
Plaintiff and his family moved into the house September 20, 1972. At this point there was a good deal of unfinished or, in in plaintiff’s opinion, inferior work to be corrected.
On October 27, 1972, after living in the house for over a month, plaintiff at the direction of defendant prepared a list of defects and deficiencies in the construction. This list was presented to the contractor by defendant with a request for correction. Little was done toward correction by the contractor. Defendant subsequently recommended to plaintiff that the contractor be dismissed and another be obtained to complete the construction. Plaintiff did not accept that recommendation and continued to work with the contractor.
In February 1973, after contractor had submitted his final request for payment, plaintifff and defendant, working together, went over the house noting matters which were unacceptable for final payment. At that time there remained unpaid on the contract price the sum of $7,616.21. Defendant submitted to plaintiff his architect’s certification for final payment recommending withholding the sum of $2,506.-18 for deficiencies. Plaintiff, after study, refused the certificate and instructed defendants as to the amounts that he would pay and withhold. Defendant prepared another certificate as directed by plaintiff, withholding $2,674.81. Plaintiff paid the contractor according to the revised certificate. Defendant then submitted his final statement for his services. After making a deduction, plaintiff paid defendant.
In the summer of 1973, the evidence indicates that plaintiff noticed a large quantity of water in the heating and air conditioning duct in the living room. The ducts serving the first floor had been placed in the concrete slab upon which the house was constructed as required by the plans. This was necessary because portions of the first floor had exposed beams and no ceilings.
After the water appeared, plaintiff investigated and determined that drain tile had not been installed around the foundation as required in the plans and specifications. Without further contact, plaintiff filed suit against defendant on September 11, 1973, charging him with negligence in the performance of his contractual duties of inspection and supervision of construction.
At trial before a jury there was extensive testimony as to the defects in the house, their cause and the cost of correction. Expert testimony by architects, contractors, craftsmen and real estate appraisers was produced by both plaintiff and defendant. The contracts between plaintiff and defendant and between plaintiff and the contractor were introduced. Defendant testified as to the number of inspections he made during construction and his methods. There was conflicting testimony as to the existence of certain alleged defects and the acceptability of the construction in specific instances and in general. There was testimony as to the correction of the alleged defects and the costs thereof. There was testimony by appraisers as to the fair market value of the house if properly constructed, and the value of it in its defective condition.
With the testimony referred to, there can be no question that a jury question was *735 presented as to whether defendant was negligent in performing his duties as an architect and whether such negligence proximately caused the defective construction or a part of it.
Defendant presented the defenses of the general issue, waiver through acceptance, and accord and satisfaction through payment.
The jury returned a verdict in favor of plaintiff for $8,000.00. Motion for judgment notwithstanding the verdict and for new trial was overruled.
Defendant on appeal has made multiple assignments of error.
The first error charged is that the court erred in denying defendant’s motion to dismiss two claims added by amendment to the complaint. These claims charged negligence by defendant in drawing plans and specifications and negligence in accepting an incompetent contractor. Defendant moved to dismiss those counts because they were barred by the statute of limitation of one year.
Whether the failure to grant the motion to dismiss the added claims was error is not necessary to be determined. The court in its oral charge directed the jury that no verdict could be returned against defendant on those counts. Such direction removed the injurious effect of error, if any, in failure to dismiss. Rule 45 ARAP.
However, immediately subsequent to directing the jury that a verdict could not be returned in favor of plaintiff for negligent preparation of plans and specifications, the court proceeded to give additional charges, apparently requested by plaintiff, upon the responsibility, degree of skill and duty required of an architect in drawing plans and specifications. One of such charges was plaintiff’s charge No. 8, duly objected to by defendant. These charges directly conflict with the direction immediately preceeding. The verdict was general. There is no'way of determining of what negligence defendant was found by the jury to be guilty. The charges of negligence as to drawing of plans and specifications and in securing a contract were taken away and immediately returned in the charge. Such conflict must be presumed to have so prejudiciously confused the jury as to require a reversal. South Highlands Infirmary v. Galloway, 233 Ala. 276, 171 So. 250.
We further find that under the evidence the court erroneously charged the jury as to the measure of damages as follows:
“If, however, the defects are so basic or extensive that they cannot be remedied at a reasonable expense or without tearing down and replacing, rebuilding the structure then the proper measure of damages is the difference between the value of the building as it is and the value it would have been if the workmanship had, some of the workmanship had not been defective.”
Defendant duly excepted to the charge, assigning as ground that there was no evidence that any of the defects were beyond repair and that there was testimony as to the reasonable cost of repair for each.
We have carefully studied the evidence and can find no testimony that the defects in the house are so basic and extensive as to be incapable of remedy at a reasonable expense. There was, in fact, testimony from plaintiff’s witness as to the cost of remedying the defects complained of. The total figure given was $8,221.00 without deduction for the $2,674.81 withheld by the plaintiff. Therefore, by the highest estimate of plaintiff’s testimony the defects could be corrected for $5,546.19 added to what plaintiff withheld from the contract price.
It is the opinion of the court that under the evidence the above instruction was improperly given. 525 Main St. Corp. v. Eagle Roofing Co., 34 N.J. 251, 168 A.2d *736 33; Gray v. Mattingly, 399 S.W.2d 301 (Ky); 5 Am.Jur.2d, Architects § 24.
The defendant contends that the court erred in failing to give his requested directed verdict on the ground that waiver of the defects had been established by proof of plaintiff’s occupation of the house and payment for the work after deducting for defects.
We cannot agree that the court erred in refusing to direct a verdict in favor of defendant on that ground. We find that the evidence as to waiver presented questions for the jury. Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837.
As we hold the judgment is to be reversed for error previously discussed, we pretermit consideration of other errors assigned and argued in brief.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.