ADAMS, Justice.
This is an appeal from a judgment based on a jury verdict against Valley Steel Fabricators, Inc. (“Valley Steel”), awarding $30,000 for breach of contract and $1,000 for reckless fraud. We affirm.
The record reveals that in July 1985 plaintiffs Sammy and Connie Rogers contracted with Valley Steel for the construction of a house on property owned by them in Limestone County. Although the Rog-erses executed a certificate of completion in February 1986, they argue that the house had not been completed at that time by Valley Steel. They contend that they were told that the execution of the certificate was merely a formality and that they were assured that the house would be completed. Among their complaints were Valley Steel’s alleged failure with regard to the following: failure to install lattice work on the front porch; failure to paint or stain the front porch; failure to use the grade of cedar siding promised; failure “to put up wallboard or floorboard or trim”; installation of faulty heaters and plumbing that leaked; failure to furnish oven racks; and installation of unlevel flooring. In addition, the Rogerses claim that the master bedroom was built on the wrong end of the house.
The purchase of the house was financed through Walker Builders, Inc., and the Rogerses received a demand for mortgage payments after the certificate of completion had been signed.[1] Although the Rog- *315 erses made a payment to Walker Builders after the demand, they made no more payments until they were threatened with foreclosure. At that point, they began making regular payments, as well as make-up payments, and made them for two months. When they missed their next payment, Walker Builders published notice of foreclosure.[2]
At trial, Valley Steel attempted to offer evidence of the terms of the settlement agreement between the Rogerses and Walker Builders. Its first argument here is that the trial court erred in refusing to permit such evidence to be considered by the jury. The following took place outside the presence of the jury:
“[Valley Steel’s attorney:] After conversing with the Judge we are offering to give you proof of what I was going to offer into evidence rather than putting the witness on who I had intended to call as a witness, Mr. C.D. Walker, who is the president, I believe. You had stated he’s the president, I believe, of Walker Builders, Inc.
“[The Rogerses’ attorney:] Yes, sir.
“[Valley Steel’s attorney:] We had intended to put him .on the stand as a witness, and one of the questions that we intended to ask him was, what the settlement terms with Walker Builders, Inc. who had been a defendant in this case was with the plaintiffs, Mr. and Mrs. Rogers. After talking with the Judge he has stated that he will sustain an objection by [the Rogerses’ attorney] to that proffered testimony. [The Rogerses’ attorney] indeed states he would make that objection. We want it on the record so we can protect the record in that regard.”
Valley Steel attempts to argue the applicability of § 12-21-109, Code of Alabama (1975), and contends that the settlement agreement should be admissible, on the authority of Williams v. Colquett, 272 Ala. 577, 133 So.2d 364, (1961), wherein this Court stated as follows:
“[A] person injured by joint tort-feasors may accept partial satisfaction and release one or more pro tanto and proceed against the others. However, the tort-feasors not so released may plead the release as a bar to that amount paid by the released tortfeasor or may place it in evidence showing payment for the one injury up to the amount shown in the release. [Citations omitted].”
272 Ala. at 582, 133 So.2d at 368. While we do not question this as a correct statement of the law in that area, we question its applicability here. The Rogerses sued Walker Builders for wrongful foreclosure. That allegation and the settlement between Walker and the Rogerses certainly has no application to the Rogerses’ breach of contract count against Valley Steel, which had nothing to do with the financing of the house. The same appears to be true with the Rogerses’ allegations of fraud in this action against Valley Steel, since Valley Steel argues in its brief that “the only evidence presented to show any fraud on the part of Valley Steel was evidence of [a] representation made by its employee, Mr. Knight.”[3]
Valley Steel’s second contention is that the trial judge erred in his instructions to the jury regarding damages. Valley Steel had offered evidence of the costs of repairs on almost everything complained of by the Rogerses. Of course, Valley Steel did not offer evidence of compensation to the Rogerses in response to their allegation *316 that the master bedroom had been built on the wrong side of the house. The Rogers-es had testified and both had estimated that the value of their house in its present condition was around $20,000. They estimated that the value of the house would have been approximately $50,000 if all of their complaints had been or could have been remedied.
The trial judge, instructed the jury with regard to damages as follows:
“Now, in considering what sum of money it would take to put them in the same position they would have been in if the contract had not been breached, the law says that they have received a house. The difference in value in the house as it presently is and the value it would have had if the contract had not been breached is the measure of damages. That is, the difference between what it’s worth now and what it would be worth if the contract had not been breached. In determining that amount you also take into consideration that there is evidence of the cost of repairs. Cost of repairs is evidence for the jury to consider in arriving at that amount....”
We note that the attorney for Valley Steel made no objection with regard to the instructions regarding damages either before or after the jury retired to begin deliberations. The record indicates, however, that the jury requested further instructions, whereupon the trial judge gave the following instructions:
“Now, the measure of damages in this case for breach of contract would be the difference in the value of the home they were to receive at the present time and the costs on the value of the home had it been completed as promised. In other words, if you find there was a breach of contract and you are reasonably satisfied of that, then you would consider the value, fair market value, of the home at the present time and the fair market value it would have had if it had been completed as promised in the contract. The difference in those two figures is the amount of compensatory damages as to the house that can be recovered.... ”
Following the instructions, Valley Steel’s attorney stated:
“We would request that they be instructed again that they can consider the costs of repair as part of the element of damages.”
There is no indication in the record that the judge responded to the request and no objection was made to the judge’s failure to give the instruction.
Valley Steel, in its brief, now contends that the proper measure of damages in cases such as this one is the amount necessary to secure repair of the alleged defects. It cites McPheeters v. Heard, 332 So.2d 733 (Ala. Civ.App. 1976), as authority for this contention. We note, however, that Valley Steel did not object to the law as given with regard to damages before the jury initially retired. It was only upon the jury’s request for further instructions that counsel for Valley Steel made reference to the judge’s instructions on damages. Even then, he only requested a repetition of the previous instruction that the cost of repairs could be considered by the jury; no reference was made to the judge’s other instructions regarding the difference in present value and value without defects and no objection was made to the trial judge’s failure to give the requested instruction. Thus, Valley Steel failed to preserve this issue for review. See Rule 51, A.R.Civ.P.
Finally, Valley Steel contends that the jury returned inconsistent verdicts with regard to the fraud counts against Valley Steel and Perry Knight, its employee. A verdict of reckless fraud was returned against Valley Steel and a verdict of mistaken fraud was returned against Perry Knight. While Valley Steel argues that these verdicts are inconsistent because, it argues, Perry Knight was the only one who represented to the Rogerses that Valley Steel would take care of their questions regarding the beginning date of their mortgage payments, the record reveals evidence that another Valley Steel employee, Jacob Knight, also made representations to the Rogerses. Therefore, the findings of the jury were not necessarily inconsistent.
*317 Por the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. The agreement between the parties was that the mortgage payments would begin 30 days after completion of the house. Therefore, after the certificate of completion was signed, Walker Builders made its demand. There was testimony that the Rogerses contacted Perry Knight of *315 Valley Steel regarding this matter and were told that he would take care of it, because, he argued, the house had not been, in fact, completed.

. The original complaint filed by the Rogerses named Walker Builders as a defendant and charged Walker Builders with wrongful foreclosure. A settlement agreement was reached between the parties whereby the amount owing (including interest) of $37,764.49 was reduced to $30,000 and the deed would be delivered to the Rogerses upon payment to Walker Builders of that sum within a specified time after the completion of the present litigation.

. This reference to "Mr. Knight” is a reference to Perry Knight. The Rogerses also claim that representations were made by another Valley Steel employee, Jacob Knight, and the evidence supported that claim.